# The Borough of Harrisburg *against* Crangle.

In an action of ejectment, a verdict "for 2 acres, 28 perches, and $\frac{35}{100}$ of a perch, with six cents damages," &c., it being but part of the lot for which the action was brought, is incurably bad.

The Act of Assembly which authorizes the borough of Harrisburg to acquire land necessary for the purpose of supplying the inhabitants with water, must be construed in subordination to that provision of the constitution which prohibits the Legislature from investing any corporation or individuals with the privilege of taking private property for public use, without making compensation or giving adequate security therefor, before such property shall be taken.

Where a life estate is vested in one person, and the remainder in fee in another, such compensation or security must be made or given to both.

It is not a good objection to a proceeding to ascertain the value of land taken for public use by authority of law and the constitution, that it had been previously taken possession of without authority; but notwithstanding the proceeding and result of it, it leaves the party exposed to answer for the trespass.

ERROR to the Common Pleas of *Dauphin* county.

Elizabeth Crangle, widow of Henry Crangle, deceased, and

[The Borough of Harrisburg v. Crangle.]

Robert J. Fleming, guardian of Henry Crangle, minor son of Henry Crangle, deceased, against the chief burgess, assistant-burgess, and town council of the borough of Harrisburg.

This was an action of ejectment "for a lot containing between 3 and 4 acres," in the borough of Harrisburg. The title was vested in Henry Crangle, who devised the same to his widow for life, with remainder in fee to his son, Henry Crangle. The defence was, that the borough of Harrisburg had a right to appropriate this lot for the purpose of supplying the inhabitants with water, by virtue of the Act of Assembly for that purpose; and that the plaintiff, Mrs Crangle, had leased the lot to B. Hale, which lease had not expired when the ejectment was brought; but the latter ground of defence failed for want of proof of the fact.

The defendants offered the petition of the president and town council of the borough of Harrisburg, under the fifth section of the Act of 26th March 1839, presented to the Common Pleas of Dauphin county on the 25th of August 1840, with the appointment of the viewers thereon; its continuance on the 18th of November 1840, returnable to January term 1841; the order of the court of the 11th of January 1841; the report of the viewers, dated the 15th of January 1841; with parol proof of the acts of R. J. Fleming relative to said view, and his declarations relative thereto; for the purpose of showing that the plaintiff assented thereto, and thus waived the benefits of the constitutional provision, (if such provision be operative), and for the purpose of showing that the defendants pursued the course pointed out in said Act of Assembly, and that the plaintiff could not maintain the present action. The plaintiffs objected to the evidence as stated in the offer, as immaterial and irrelevant, and that the acts of R. J. Fleming could not prejudice his ward's estate, or Mrs E. Crangle's. The evidence was given, showing a valuation and assessment of damages to the amount of $1087.50. Exceptions were filed to the report, but never disposed of by the court.

The defendants then gave in evidence a bond of Samuel Pool and Michael Burke, dated the 18th of June 1840, to R. J. Fleming, guardian of the minor son of Henry Crangle, in the penalty of $2000, with the following condition:—

"Whereas, the corporation of the borough of Harrisburg, by the location of their water-works, have taken one or more acres of land from the estate of Henry Crangle, deceased, and whereas the constitution requires that when lands are taken by any corporation for public use, the said corporation shall pay for or secure to be paid, the amount or valuation of the land taken. Now the condition of this obligation is such, that if the said Samuel Pool and Michael Burke, or either of them, shall pay or cause to be paid unto the aforesaid R. J. Fleming, guardian as aforesaid, the full amount or valuation of the land taken by the

corporation for their water-works, as soon as the amount or valuation can be ascertained, without fraud or further delay, then this obligation to be of no effect, otherwise to be and remain in full force and virtue."

This bond was tendered to R. J. Fleming on the day of its date.

The court (Blythe, President) instructed the jury, that the defendants having neither paid nor secured to be paid to Elizabeth Crangle the damages done to her land, could not resist her recovery in this action: that the Act of Assembly, by virtue of which the borough claimed, afforded it no protection whatever. Verdict and judgment were rendered for the plaintiffs, for 2 acres 28 perches and 35-100ths of a perch.

*Fisher* and *Ayres*, for plaintiff in error. The verdict is uncertain, the action being for the whole lot, and the verdict for a part, without designating it.. 10 *Serg. & Rawle* 153; 5 *Watts* 79; 16 *Serg. & Rawle* 245; 17 *Serg. & Rawle* 393, 431; 2 *Watts* 28, 371, 391.

*Cake* and *M'Clure*, argued that it would be presumed that the verdict of the jury included the whole of the plaintiff's claim, inasmuch as it did not expressly find a part.

The opinion of the Court was delivered by

Rogers, J.—This ejectment is for a lot containing three or four acres, more or less, and the verdict is for 2 acres 28 perches and $\frac{35}{100}$ of a perch. In *Smith* v. *Jenks*, (10 *Serg. & Rawle* 153), a verdict " that the defendant should have the third part of the 41 acres and 32 perches, neat, and if any overplus, it goes to the plaintiff," was held too uncertain. In *Burdick* v. *Norris*, (2 *Watts* 28), a verdict " for the land claimed in the writ, except 10 acres, including the buildings," was held bad for uncertainty. And in *Stewart* v. *Speer*, (5 *Watts* 79), a verdict " for the plaintiff for 150 acres, part of the land claimed in the writ, and not guilty as to the residue," was also held bad. So in ejectment for a mortgage, " he to extinguish all claims of the Miles family," was held erroneous. The cases cited were decided on the principle that a verdict must be sufficiently certain to enable the court to give judgment, and the sheriff to deliver possession on a *habere facias*. *Green* v. *Watrous*, (17 *Serg. & Rawle* 400). It is not good, unless it carries certainty on its face, or refers to something by which it may be made certain. Here it is neither certain on its face, nor can it be reduced to a certainty; and it is impossible for the court to know for what to render judgment, or for the sheriff to ascertain of what portion of three acres he is to put the plaintiff in possession. There is nothing on or *dehors* the record, which indicates the part recovered, or from what part the portion recovered

[The Borough of Harrisburg v. Crangle.]

is to be taken. The sheriff would not know where to begin, nor where to end; and yet he is required to act at the peril of becoming a trespasser, if he unfortunately, or by mistake, delivered more to the plaintiffs than had been recovered. The verdict is therefore incurably uncertain; and for this reason the judgment must be reversed.

The 4th section of the Act to supply the Borough of Harrisburg with water, authorizes the president and town council of the borough to purchase any land which may be required for the construction of the works. And the 5th section of the same Act directs the manner of proceeding, when the parties cannot agree upon the compensation to be made to the owner. The Act must be construed in subordination to the 4th section of the 7th article of the constitution, which prohibits the Legislature from investing any corporate body or individuals with the privilege of taking private property for public use, without requiring such corporation or individuals to make compensation to the owners of said property, or give adequate security therefor, before such property shall be taken. It is matter of regret that the course marked out in the Act, in terms which it is impossible to mistake, were not pursued before the borough undertook to take property, and to erect their works. And the course pursued by the corporation is the more extraordinary, because it is apparent that in no other mode can a title be acquired; and this valuable and useful improvement must continue subject to an adverse claim, at least until the owner of the fee attains the age of 21 years, when he might assent to a sale of the property. There seems to have been no agreement as to the compensation; nor could there be any, which would devest the interest of the owner of the fee, whose guardian has no power to dispose of it. But these obvious considerations seem to have been entirely disregarded; for what reasons, and with what view, it is impossible to discover. The constitution provides, that before property can be taken for public use, the corporation or individual must make compensation to the owner, or give him adequate security. But here, among other omissions, it unfortunately appears that no compensation was made, nor was adequate security tendered. By the will of Henry Crangle, the former owner, a life estate is vested in his wife Elizabeth, with a remainder to his minor son, Henry, and the bond is given and tendered to R. J. Fleming, his guardian. There is no security whatever, adequate or inadequate, to Elizabeth Crangle, owner of the life estate, whose interest comes as much within the purview of the constitution as the owner of the fee simple. It is difficult to assign a reason why one should be protected and the other not; and yet this seems to have escaped the attention of the officers of the borough. After tendering the bond as above stated, a petition was presented under the Act, and

the court appointed viewers, who reported the value of the ground at $1087.50.   To the report, exceptions were taken; but, for some unaccountable reason, the court refused to dispose of them.   In this the court were in error, for the pendency of the ejectment rendered a decision of exceptions absolutely necessary; nor should the ejectment have been tried until they were passed on, nor until the borough had a fair opportunity of endeavouring to ascertain the value of the land by another proceeding under the Act.   At least, we think, if the report had been set aside, the latter course, under the circumstances, would have been but a fair exercise of the legal discretion of the court.   But if, on the contrary, the report had been confirmed, it would have been a defence to the ejectment this far, that the plaintiff would not, in that event, have been entitled to judgment that she recover the possession, although it would be no answer to the action, so as to prevent the plaintiff from recovering damages for the trespass. An idea seems to have been entertained, at least it has been suggested in the argument, that no proceeding could be had under the 5th section of the Act, after possession had been taken.  But this we apprehend to be a mistaken view of the constitution; for although it is provided that, before the property shall be taken for public use, by a corporate body or individual, compensation shall be made to the owner, or adequate security shall be given; yet this cannot prevent either party, after an unauthorized taking, from presenting his petition under the Act, and ascertaining, by the report of viewers, the value of the land.  Such a proceeding would be perfectly competent, and would vest the property in the corporation or individual, as the case may be.  The only effect will be, that notwithstanding the title may be afterwards devested, it is a trespass, and they are liable as trespassers to the owner for the unlawful entry.   The intention is to take from the Legislature a power frequently exercised, of authorizing an entry on lands, without making compensation or giving security to the owner.   As this is a useful public work of great value, a shadow of doubt should not be permitted to rest on the title.   And for this reason, we would suggest that a final disposition should be made of the proceedings already instituted; that the borough should tender separate bonds in an amount entirely adequate— one to the owner of the life estate, and the other to the owner of the fee; and that afterwards the property should be valued in the manner pointed out by the Act, and that until that be done, the court be requested to stay proceedings on the ejectment.   In this way, justice may be done to all parties.   The bond should be drawn to Henry Crangle, although the tender must be made to his guardian.

It must be remarked, that notwithstanding this course may be pursued, yet the plaintiff may proceed with the ejectment to recover damages for the trespass.   But whether the plaintiff committed a

[The Borough of Harrisburg v. Crangle.]

trespass in entering on the land, we do not undertake to decide; for that will depend on the question whether they had a right to enter as the transferee of B. Hale, who claims to be the tenant of Elizabeth Crangle, the owner of the life estate.

Judgment reversed, and *venire de novo* awarded.