## Cox vs. Groshong et al.

1. FORCIBLE ENTRY AND DETAINER. The statute to prevent forcible entries and detainers provides for two classes of cases; *an unlawful and forcible entry and a forcible detainer*, and *a lawful and peaceable entry and unlawful detainer ;* and in proceeding under the statute, the complaint must state a case of one or the other of these classes. A complaint for a forcible detainer, without alleging a forcible entry, is bad.

2. COMPLAINT. The complaint must describe the premises with reasonable certainty; and where the complaint describes the land as a range of lead ore and a strip or piece of land on each side running easterly and westerly across the land owned by certain persons in a particular section, it is bad for uncertainty of description.

3. PROCEEDINGS. Where the complaint is defective, the defendant does not waive the objection by going to trial, but he may make it at any stage of the proceedings. In proceedings in forcible entry and detainer the provisions of the statute must be strictly pursued.

4. POWERS OF JUSTICES' COURTS. Justices' courts are not courts of record, and do not proceed according to the course of the common law, and so far as their powers are concerned, they are confined strictly to the authority given them by statute. They can take nothing by implication, but must show that the power which they exercise, is expressly given to them in every instance.

5. REMOVAL — WAIVER. Where a cause has been removed from one justice to another, and the parties proceed to trial without objecting to the justice to whom the case was sent, it is too late after the trial, to object because he was not the nearest justice to the one before whom the cause originated.

ERROR to the District Court for *Grant* county.

In April, 1842, *Cox* commenced a proceeding in forcible detainer against *James Groshong* and others, before Samuel Tompkins, a justice of the peace in Grant county. The complaint stated that *Cox* was "the owner and justly entitled to the possession of the undivided one-fourth part of a certain range of lead ore, and a strip or piece of land on each side, running easterly and westerly across the land hereinafter described, and the right of searching and digging for lead ore thereon, situate on the lands now owned by *James Groshong*, Jonathan Craig and the said *Cox*, in section seventeen, township No. four north, of range No. three west, in said county of Grant;"

" that one *James Groshong*, *Jefferson Groshong* and one *Stone*, did on or about the 1st day of February, 1842, wrongfully, and without lawful authority, enter into and upon the said undivided one-fourth part of the said range of lead ore and the said strip of land and the right of searching for lead ore thereon, and took possession of the same, against the right of the complainant, and have from thence hitherto, wrongfully, unlawfully, with force and arms, with a strong hand and multitude of people, detained the possession thereof from the said complainant."

Process was issued upon the complaint, and returned on the 25th of April, on which day, on the application of *James Groshong*, one of the defendants, the case was adjourned to the 30th of April. It appears that upon this application the justice first adjourned the cause to the 6th of May, but immediately afterward his attention was directed to the statute upon the subject, from which he considered that he had not the power to adjourn the cause for so long a time, when he recalled the parties and witnesses, and notified them that the adjournment was to the 30th of April, and that not more than fifteen minutes had elapsed from the time of first fixing the adjournment.

On the 30th April, *Jefferson Groshong*, one of the defendants, applied for and obtained a change of venue from before Justice Tompkins, who immediately transmitted the cause to Jeremiah Spencer, as the nearest justice qualified to act. Spencer was at that time, accidentally in Lancaster, where Tompkins was holding his court, but his residence was not so near as that of other justices in the county. Spencer immediately proceeded with the trial of the cause, and impaneled the same jury that had been summoned before Tompkins. Before the trial commenced, the defendants filed before Justice Spencer an affidavit for a continuance, setting out as grounds, the absence of a material witness, who resided in Illinois; that due diligence had been used to procure him; that *James Groshong* was then gone for him; and that

the defendants believed if an adjournment was granted for seven days the witness could be procured. The motion was overruled, and the trial proceeded. The jury rendered a verdict against the defendants, upon which the justice rendered judgment, and awarded a writ of restitution.

The defendants took the case into the district court by writ of certiorari, and assigned the following errors in the proceedings before the justices :

1. For want of a legal, full and sufficient complaint in the law ; a legal, full and sufficient summons thereon.

2. For that the said Justice Tompkins erred, when after he had on the application of the defendants, adjourned the said action over to the 6th of May, and dismissed the jury, witnesses, and parties, in setting aside that continuance, and compelling the defendants to answer on the 30th of April.

3. For that the said Justice Tompkins erred, when he changed the venue from before himself to Spencer, who was not the nearest justice to the place of holding the court of said Tompkins, or his place of residence, and when there were other justices residing six miles nearer the said Tompkins.

4. For that the said Justice Spencer erred, when he took cognizance of the case at the place he did, without his docket, and tried it by the same persons whom the said Tompkins had summoned to sit as jurors in the case, without issuing a new process for a jury.

5. For that the said justice showed himself to be a partial justice, from the manner in which he procured the case to be brought before himself on the change of venue from before said Tompkins.

6. For that the said Justice Spencer erred, in not giving the defendants a continuance on their application on affidavit filed.

7. For that the said Justice Spencer erred, in not having his docket present, and reducing his proceedings and decisions to writing.

8. For that the jury erred in giving a verdict in favor of the plaintiff, the testimony not having supported his complaint; and the justice erred in rendering judgment on the verdict.

It appears from the return of Justice Spencer, that this was the first case which he ever tried; that he had no docket at the time, and did not then reduce the proceedings and decisions to writing; but when he went home he took down the material parts, and made up his docket as soon as possible.

The district court reversed the judgment of the justice, and the cause was brought into this court by the complainant, *Cox*, on writ of error to reverse the judgment of the district court.

. *Ben. C. Eastman*, for plaintiff in error.

*F. J. Dunn*, for defendant in error.

MILLER, J.   This case was commenced under the act to prevent forcible entries and detainers by *George H. Cox*, against *James Groshong, Jefferson Groshong*, and *Stone*, before a justice of the peace of Grant county. A verdict and judgment were rendered against the said defendants before the justice, which they removed to the district court of said county, by certiorari, where the said judgment was reversed; upon which decision of the said district court the said *Cox* sued out a writ of error.

The examination of the record will require us to consider such of the exceptions filed in the district court, to the proceedings before the justice as may be material.

The first exception filed was to the complaint.

The complaint represents, that "*James Groshong, Jefferson Groshong* and one *Stone*, whose christian name is unknown to the complainant, did, on or about the 1st day of February, 1842, wrongfully, and without lawful authority, enter into and upon the said range of lead ore and the said strip of land, and the right of searching and digging for lead ore thereon, and take possession of the same, against the right of the said complainant, and have

from thence hitherto, wrongfully, unlawfully, forcibly, with force and arms, with strong hand and multitude of people, detained the possession thereof from the said complainant, and still do, wrongfully, unlawfully, forcibly and with strong hand and force and arms, and multitude of people, keep out and detain from said complainant, the possession thereof, contrary to the statute and the laws of the said Territory, after demand of possession thereof by complainant," and prayed that summons might issue for a forcible detainer.

By the act upon which this proceeding was founded, any justice shall have authority to inquire by a jury, as well against those who make unlawful and forcible entry into lands, tenements and other possessions, and with a strong hand detain the same, as against those who, having lawful and peaceable entry into lands, tenements and other possessions, unlawfully detain the same. By this statute, there are two classes of cases made cognizable before the justice : first, an unlawful and forcible entry and detainer ; second, a lawful and peaceable entry and an unlawful detainer. The complaint does not come within either class. It charges that the defendants unlawfully, and without authority, entered the premises, while, if it was desired to proceed for the entry, it should have charged that they unlawfully and *forcibly* entered. But it was not claimed by complainant to be a summons for an unlawful detainer merely, which comes under the second class where the entry is lawful and peaceful. From this it will appear, that this complaint did not conform to the statute, and for this alone, the district court did right in reversing the proceedings before the justice.

This is a proceeding authorized and regulated by statute, and committed to a tribunal whose jurisdiction and authority are created by the statute alone ; for these reasons, the provisions and directions of the statute must be strictly pursued. Justices' courts are not courts of record, and do not proceed according to the course of the common law, and so far as their powers are concerned, they are

confined strictly to the authority given them by the statute. They can take nothing by implication, but must show the power which they exercise to be expressly given them in every instance. *Thomas v. Robinson*, 3 Wend. 267; *Mills v. Martin*, 19 Johns. 33; *McCarty v. Shannon*, 3 id. 429; *Borden v. Fitch*, 15 id. 140; *Andrews v. Montgomery*, 19 id. 162.

The complaint sets forth "that the said *George H. Cox* was, on the first day of January last, has been, and still is, the owner of and justly entitled to the possession of a certain range of lead ore, and a strip of land or piece on each side thereof, twenty-five yards wide on each side, running easterly and westerly across the land hereafter described, and the right of searching and digging for lead ore thereon, in section 17, township No. 4 north, of range No. 3 west, in said Grant county." This would also appear to be too vague and uncertain. It does not describe the land by any marks, descriptions or boundaries, nor does it even refer to its location in the section. It is true that a court would have a superintending power, which would always be promptly exercised, in case a plaintiff should take out a writ of restitution for what he had not recovered; but it is doubtful whether a justice could exercise it. We are aware that it is impossible always to describe a tract of land with so much accuracy as to enable the sheriff to deliver it, without some person to show him, on the ground, the boundaries alluded to in the writ; but nevertheless, the premises must be described with reasonable certainty. See on this subject, *Burdick v. Norris*, 2 Watts, 28; *Martin v. Martin*, 17 Serg. & R. 431; *Borough of Harrisburgh v. Crongle*, 3 W. & S. 460; *Smith v. Jenks*, 10 Serg. & R. 153; *Fisher v. Lorick*, 7 id. 99.

The remaining exceptions will be disposed of together. The justice is allowed to adjourn, at his discretion, any trial under the act, not exceeding six days. This is a very summary proceeding, which requires the parties to make every effort to procure their testimony and be pre-

pared for the trial. By the act of 1840, section 8, authorizing the removal of causes from one justice to another, after the oath is made by the defendant, the justice shall immediately transmit all the papers in the case to the nearest justice qualified by law to try a cause between the parties in the suit, who shall proceed to hear and determine said cause in such manner as if it originated before him. In this case the parties made no objection to Justice Spencer. The papers were immediately transmitted to him by Justice Tompkins, and the parties, without objecting to his jurisdiction, went to trial on the same day of the removal of the cause. After this, it was too late to make the objection that he was not the nearest justice to Justice Tompkins qualified to act, if it could be made at any time.

The trial before Justice Spencer did not waive the errors in the complaint; as we have seen that the jurisdiction of a justice must be made affirmatively to appear, and there are no presumptions in its favor. It was com petent to the defendant to raise the objections to it at any stage of the proceedings.

As the complaint is defective, and for this reason the judgment of the justice was correctly reversed by the district court, it is unnecessary to examine the questions raised upon the evidence.

Judgment affirmed, with costs.