## Koch *versus* The Williamsport Water Co.

1. By the charter of a water company it was required that before they diverted any stream, the court "on the application of either party" should appoint men to ascertain the damages, &c. The company without any application or assessment of damages diverted a stream. *Held*, that an action on the case would not lie against the company, the remedy specially provided must be pursued.

2. Either party might put the remedy into operation.

3. The damages being consequential, it is not a constitutional requirement that they should be paid or secured before possession was taken or injury occurred.

4. The non-payment does not change the remedy.

April 2d 1870. Before Thompson, C. J., Agnew and Sharswood, JJ. Read, J., at Nisi Prius.

Error to the Court of Common Pleas of *Lycoming county*: No. 209, to January Term 1870.

This was an action on the case, by August Koch against The Williamsport Water Company, commenced July 31st 1862.

The declaration was in the ordinary common-law form for diverting the waters of a stream which flowed through the plaintiff's land, by reason of which he was deprived of the use of the water generally; and in a second count, for diverting the waters of the stream from his mill.

The defendants were incorporated April 18th 1853, and authorized to construct works for the purpose of introducing water into Williamsport, and to take so much of the waters of any stream within three miles of Williamsport as should be necessary for the prosecution of their works.

The act of incorporation further provided:—

" Section 8. If the parties cannot agree upon the compensation to be made to the owners of such lands, &c., as may be used for for said water works, or to any persons who may be injured by the construction of said works, or diversion of the waters that may be used by the said company for the purpose aforesaid, it shall and may be lawful, after the surveys and location for said works are determined, and before entering on said lands for the purpose of erecting and constructing said works, or of diverting the waters that may be used by said company, for the Court of Common Pleas of Lycoming county, on the application of either party, to appoint five disinterested freeholders of said county as arbitrators, who shall * * hear the parties. their proofs and allegations, and shall

[Koch v. Williamsport Water Co.]

as soon as may be, ascertain and report what damages, if any, the erection of the said works, or the diversion of said waters, may be to the owner or owners thereof, whose award shall be entered of record in said court, from which either party may appeal to the said court, in the same manner as from an award of arbitrators entered under the Compulsory Arbitration Law, and said appeal when duly entered shall thereafter be prosecuted in the said court as if the same had been an original action brought therein."

The case was tried October 18th 1869, before Gamble, P. J.

The plaintiff gave evidence of the taking of the water from the stream by the defendants for the use of their works, and of the amount of damage sustained by him.

The defendants gave no evidence.

The court charged: * * * "The defendant, therefore, clothed with the sovereign power of the Commonwealth to take and divert the waters of this stream, is amenable for compensation and damage to private property, only in the manner prescribed in the license granted. This specific remedy supersedes all others. Such is the law, and, like all law, is founded upon a rational basis. The remedy provided is adapted to the circumstances of the case. The compensation contemplated by the act, and proper to be awarded, is the price of a perpetual privilege, assessed once for all. All the damages, retrospective as well as prospective, can thus be ascertained and settled in one proceeding, and future litigation, or the necessity of it, avoided. The common-law remedy would lead to repeated and interminable litigation, and must ultimately result in defeating the purposes of the act of incorporation.

"We regret that the case is not before us in the proper manner to authorize you to pass upon its merits, since so much time has been devoted to its investigation. But we feel constrained to say to you that in this form of action we have no jurisdiction of the case, and must instruct you to render a verdict for the defendant."

The verdict was for the defendants.

The plaintiff took out a writ of error, and assigned the instruction of the court for error.

*J. J. Metzgar* and *G. W. Youngman*, for plaintiff in error, cited Reitenbaugh *v.* Chester Valley Railroad, 9 Harris 100; Sunbury & E. Railroad *v.* Hummel, 3 Casey 99; McKinney *v.* Monongahela Nav. Co., 2 Harris 66; Rex *v.* Robinson, 2 Burrows 803; Rhodes *v.* Cleveland, 10 Ohio R. 159; Harrisburg *v.* Crangle, 3 W. & S. 460; Const. of Penna., Art. 7, § 4; Art. 6, § 10.

*H. H. Cummin, H. C. Parsons* and *Armstrong & Linn*, for defendants in error, cited McKinney *v.* Monongahela Nav. Co.,

15 P. F. Smith—19

Harrisburg *v.* Crangle, *supra ;* N. Branch Canal Co. *v.* Hireen, 8 Wright 418 ; Cumberland Valley Railroad *v.* McLanahan, 9 P. F. Smith 28 ; Buckwalter *v.* Black Rock Bridge Co., 2 Wright 286 ; Monongahela Navigation Company *v.* Coon, 6 Barr 379 ; Mifflin *v.* Railroad Company, 4 Harris 182 ; New York & Erie Railroad Company *v.* Young, 9 Casey 175.

The opinion of the court was delivered, May 7th 1870, by

THOMPSON, C. J.—The peremptory direction of the learned judge below to the jury to find for the defendant, was manifestly what the exigencies of the case demanded.　There was a specific remedy provided in the act incorporating the company for the very matter for which the common law action was brought, namely, to recover compensation for an injury alleged to consist in the diversion of a stream of water to the prejudice of the plaintiff's mill : see 8th sect. of the Act of 18th April 1853, Pamph. L. 724.

A statutory remedy must be pursued : Act of 21st March 1806.　It applies in cases of the kind before us : Railroad Co. *v.* McLanahan, 9 P. F. Smith 28, and other cases.

The remedy is reciprocal in this act.　Either party might put it in operation.　It was no reason why the plaintiff below should not resort to it because the defendants did not before entry : Borough of Harrisburg *v.* Crangle, 3 W. & S. 460.

The 8th section of the act, as already said, covers the specific injury complained of by the plaintiff.　It is necessarily consequential, but is directed to be paid.　That it was not paid nor secured before possession taken or injury occurred is not a constitutional requirement : McKinney *v.* Monongahela Nav. Co., 2 Harris 65 ; and its non-payment does not change the remedy to enforce it.　In this case the remedy would cover the claim if otherwise good : Buckwalter *v.* Blackrock Bridge Co., 2 Wright 281.　To that remedy the plaintiff below was bound to address himself.　The case below was properly disposed of in the court below, and the judgment is affirmed.