SHEARER, Respondent, vs. THE DAVIS & STARR LUMBER COMPANY, imp., Appellant.

*November 26 — December 16, 1890.*

*Logs and lumber: Liens: Attachment: Service by publication.*

1. To authorize service by publication of a notice of attachment, in an action in justice's court to enforce a lien upon logs, it must appear that service could not be made in either of the other modes.
2. But where that fact appears, service by publication is authorized, even though the logs attached were not the property of the defendant but of a third person for whom he had worked as a contractor in cutting them and getting them out.

APPEAL from the Circuit Court for *Taylor* County.

The case is sufficiently stated in the opinion. The intervening defendant appeals from a judgment in favor of the plaintiff.

*E. H. Schweppe,* for the appellant.

*John B. Hagarty,* for the respondent.

COLE, C. J. This action was commenced in a justice's court by the respondent against one H. P. Anderson to recover the value of supplies which were furnished and used by him, and also for labor performed for Anderson in cutting and getting out logs, and to enforce a lien upon such logs for' the amount of the debt. The judgment in the justice's court was in favor of the respondent for the amount claimed to be due, and the same was adjudged to be a lien upon the logs. After judgment in the justice's court, the appellant company, as owner of the logs, intervened, and removed the cause to the circuit court merely to try the question as to the right of the respondent to have a lien. The cause was tried in the circuit court on that issue, and that court adjudged that the respondent was entitled to a lien upon the logs as against the appellant, the owner of them.

The validity of this judgment is assailed on various grounds, but we shall confine our attention chiefly to one objection, namely, whether the record shows that the court acquired jurisdiction of the principal defendant, Anderson, so as to authorize it to give the judgment rendered. It was absolutely essential that the court should have obtained jurisdiction over him in order to give a valid judgment for a lien. This proposition seems too plain to require discussion. The warrant for the attachment in the case was not personally served upon Anderson, nor did Anderson ever appear in the cause. Of course it was necessary that service should be made upon him either personally or in some other way authorized by law.

The statute in effect provides that the officer shall execute a warrant of attachment by serving the same upon the defendant in the same manner that a summons is required to be served, and by attaching the property upon which the lien is claimed. Sec. 3705, R. S. A summons is served by reading the same to the defendant and delivering a copy thereof to him when demanded, when the defendant can be found, and, if not found, by leaving a copy thereof at his usual place of abode in the presence of some one of the family of suitable age and discretion, who shall be informed of its contents. Sec. 3600.

Did the officer comply with these provisions of law? It seems to us he did not. The return of the officer states, after describing the property which was seized under the warrant, as follows: "And, after diligent search and inquiry within my county, am unable to find the defendant, H. P. Anderson, therein; therefore am unable to summon the defendant personally or by leaving a copy at his usual place of abode." Now this return does not negative the idea or fact that the debtor, Anderson, had a place of abode in the county where the process could have been served. The officer, in effect, says he was unable, after diligent search and inquiry, to find the defendant, Anderson, in the

county, so as to personally serve the process upon him, or by leaving a copy at his usual place of abode. This is not inconsistent with the fact that Anderson had a place of abode in the county, where service upon him could be made under the statute. It may be said that this is refining upon language, and giving it a too strict construction. But this the court is bound to do when determining the question whether proper service has been made so as to give the court jurisdiction over a party. The return must clearly show that proper service has been made in strict conformity to law. This is a fundamental rule upon the subject. No intendment will be made not fully warranted by the words used, so as to help out the return. In this case, we cannot assume or presume that Anderson had no place of abode in the county where a substituted service could have been made upon him. This fact should affirmatively appear from the return.

It is true that an order of publication was made in the case. That was authorized in the action under sec. 3712, R. S., where personal service or substituted service upon the defendant, by leaving a copy at his usual place of abode, could not be had. But it must appear that the other modes of service could not be made before service by publication is allowed. It is stated by the appellant's counsel that there could be no service by publication, as no property had been seized on the warrant of attachment which was owned by the debtor. We cannot concur in that view of the law. We are of the opinion that service by publication might be made when it appeared that the other modes of service could not be had or were impracticable. But service by publication is only allowed where the other modes of service cannot be made, and it could have no efficacy in this case because it did not appear from the return of the officer that Anderson had no place of abode in the county where service upon him could be made under the statute.

This view is fatal to the jurisdiction of the court over the

case. For, if the court never acquired jurisdiction over the principal debtor in the action, by publication or otherwise, it could not render a valid judgment for a lien. The two things cannot be separated so as to uphold the judgment as to the lien, while holding the personal judgment void.

This opinion was written thus far on the assumption that the return of the officer on the warrant was correctly set out in the printed case. Neither counsel suggested that it was not; but, upon examination of the record which contains the original warrant and return, we find there is a material omission in the return as printed. The return is interlined, and it is difficult to make out some of the words, but as we read them the officer does, in effect, certify and return that Anderson was not within his county and had no place of abode therein nor in the state of Wisconsin. This obviates the objections which we supposed existed to the service, and makes the substituted service good and sufficient, under the statute. The interlineation, we presume, was made by the officer when he made the return, as the color of the ink and handwriting seem to be the same as the rest of the writing, and there is nothing to raise a suspicion that it is not genuine and was not made by the officer serving the writ. It therefore follows that the order of publication was properly made, and that the service of process in that way gave the court jurisdiction of the person of the principal debtor.

We have already said that service by publication is authorized, though no property of the principal debtor is attached. Sec. 3333, R. S., as amended, provides that in an action to enforce a lien the plaintiff may have the remedy by attachment of the property upon which the lien is claimed, as given by law in personal actions. The general provisions of the statute apply to the action so far as they are appropriate and pertinent to such a case. The construction of the statute as contended for by the appellant's

State ex rel. Milwaukee, Lake Shore & Western R. Co. vs. O'Connor.

counsel would defeat all remedy for a lien where the supplies were not furnished nor the labor performed for the owner of the logs and timber; but such is not the scheme or policy of the statute. We think the judgment of the circuit court adjudging a lien upon the logs and timber upon which the plaintiff's labor was performed, and for which his supplies were furnished and used, is legal and correct and must be affirmed.

*By the Court.*— It is so ordered.