De Laval Separator Company, Appellant, vs. Hofberger, Respondent.

*September 16—October 5, 1915.*

*Justices' courts: Jurisdiction: Garnishment: Publication of summons: Adjournments: Presumptions: Continuance: Payment of fees to garnishee: Costs: Proof of service: Amendment of return:* Certiorari: *Quashing writ.*

1. The rule that justices of the peace must keep strictly within the limits of the jurisdiction conferred upon them does not mean that the higher courts are to be hostile to their judgments, but merely that the justices are to exercise only the jurisdiction conferred upon them by statute fairly construed.

2. Where the return of the officer on the principal summons in justice's court was that the defendant "not being found and having no residence or no known agent or attorney within the said county, I am unable to serve upon the within named defendant," and a garnishee answered admitting indebtedness to the defendant, such return and answer were sufficient to authorize service of the garnishee summons upon the principal defendant by publication, under sec. 3718, Stats.

3. Within the meaning of sec. 3718, Stats., a member of the defendant's family residing within the jurisdiction of the justice must be residing at defendant's residence.

4. A second adjournment of a cause in justice's court will be presumed to have been for cause, although the docket does not so state.

5. Holding open a garnishee action to await the termination of the principal action is equivalent to a continuance for that purpose.

6. Where a garnishee voluntarily appears and answers, failure to pay fees to him is not a jurisdictional defect.

7. Adding the costs of a garnishee action to the judgment in the principal action is error, but does not go to the jurisdiction.

8. The judgment of a justice's court in the principal action is not so affected as to be open to attack on writ of *certiorari* by the fact that the garnishee failed to pay into court the sum which he was ordered to pay in.

9. It is the fact of service of the summons upon defendant, and not merely the proof of that fact, which gives a justice jurisdiction, except in those cases where by statute jurisdiction is made to rest on the proof; and even after the issuance and service of a writ of *certiorari* an amended return showing proper service of the summons should be taken to cure any omissions in the original return.

10. Where in the petition for a writ of *certiorari* to review a justice's judgment for a trifling sum it was not denied that defendant owes that sum, and the objections to the judgment are technical and do not relate to jurisdiction of the subject matter, the circuit court should quash the writ *sua sponte*.

APPEAL from a judgment of the circuit court for Oconto county: W. B. QUINLAN, Circuit Judge. *Reversed.*

Upon the petition of the defendant a writ of *certiorari* issued from the circuit court to review the judgment of a justice's court. Other facts are stated in the opinion. This appeal is from a judgment of the circuit court reversing the judgment of the justice.

The cause was submitted for the appellant on the brief of *E. C. Smith,* and for the respondent on that of *George Crawford.*

TIMLIN, J. About four years ago the appellant began suit in justice's court against the respondent to recover a balance of $4.35. This trifling controversy has been in litigation ever since in justice's court, circuit court, and now in the supreme court. It is not denied that the respondent owes this sum to the appellant, but the litigation has been over the question whether the appellant proceeded properly, or rather whether the appellant's lawyer and the justice of the peace proceeded properly, in appellant's attempt to collect this small sum.

The science of jurisprudence must be far from perfection

when the real object and purpose of an action can be lost sight of and a judicial controversy relating to questions of procedure and having no concern with the merits of the action in this way substituted for the real controversy between the parties. Courts of justices of the peace are recognized in the constitution and statutes of this state and they are supposed to furnish cheap and convenient tribunals for the determination of petty differences which may arise between parties. It requires no argument to establish that the way to such courts should be smooth and easy. It was long ago declared to be the law that such inferior tribunals must keep strictly within the limits of the jurisdiction conferred upon them; but this does not mean that the superior courts are to be hostile to their judgments or solicitous to trip them up for every petty error. It means that the justices are to exercise only the jurisdiction conferred upon them by statute fairly interpreted. This court has been for some time engaged in an attempt to mitigate the rigor of some of the ancient rules on this subject. *Cowles v. Neillsville,* 137 Wis. 384, 119 N. W. 91; *State ex rel. Cooper v. Brazee,* 139 Wis. 538, 541, 121 N. W. 247; *Kremer v. Arians,* 141 Wis. 662, 124 N. W. 1064; *Kuehn v. Nero,* 145 Wis. 256, 130 N. W. 56; *State ex rel. Kassner v. Momsen,* 153 Wis. 203, 140 N. W. 1117.

On October 24, 1911, a summons in favor of the plaintiff and appellant and against the respondent, returnable November 1, 1911, was issued by a justice of the peace. At the same time and in the same action a summons in garnishment, returnable at the same time and place, was properly issued, wherein one Perry was summoned as garnishee defendant. The officer to whom the original summons was delivered for service made the following return: "[Venue.] I hereby certify that *Frank J. Hofberger* not being found and having no residence or no known agent or attorney within the said county, I am unable to serve upon the within named

defendant." Perry appeared in response to the summons in garnishment and filed his written answer, duly verified, admitting an indebtedness to the defendant in the sum of $15 or $20. The defendant *Hofberger* did not appear either in the garnishment action or in the principal action. Each action was then adjourned until December 1, 1911, and an order for publication made against the principal defendant. December 1, 1911, the principal case was called and held open until December 2d.

On the date last mentioned, after receiving and filing affidavit of publication, judgment was rendered in favor of the plaintiff for $12.66 damages and costs and the garnishee defendant was ordered to pay that sum into court.

We decide all points in the case, including those not specifically mentioned in the foregoing statement, as follows:

(1) The return of the officer on the principal summons was, with the answer of the garnishee, sufficient to authorize service by publication under secs. 3718, 3712, 3713, Stats. Sec. 3718 relates to the service of the garnishee summons upon the principal defendant. The section relating to service of summons in justice's court is sec. 3600, and there substituted service is made, when the defendant be not found, by leaving a copy thereof at his usual place of abode in the presence of some one of his family of suitable age and discretion, who shall be informed of its contents. The garnishee summons may be published if the defendant cannot be found or is not a resident of the state, "unless he shall have a known agent or attorney residing within the jurisdiction of the justice, or some member of his family, of suitable age and discretion, shall reside within the same." [Sec. 3718.] This must be construed with the other statute, and a member of the defendant's family residing within the jurisdiction of the justice must be residing at defendant's residence or place of abode, otherwise such person could not be a member of defendant's family. *Hall v. Hall,* 25 Wis. 600. The word

"residence" is synonymous with "abode," and the case of *Shearer v. Davis & Starr L. Co.* 78 Wis. 278, 47 N. W. 360, in no way conflicts with this.

(2) The second adjournment so called, from December 1st to December 2d, must be presumed to have been for cause under *State ex rel. Dearborn v. Merrick,* 101 Wis. 162, 77 N. W. 719; and *Field v. Heckman,* 118 Wis. 461, 95 N. W. 377.

(3) Holding open the garnishee case to await the termination of the principal action is equivalent to continuing the case for that purpose.

(4) Failure to pay fees to the garnishee, the latter having voluntarily appeared and answered, is not a jurisdictional error.

(5) Adding the costs of the garnishee action to the judgment in the principal action was error, but not going to the jurisdiction.

(6) This writ of *certiorari* runs to the judgment in the principal action, and that judgment is not affected by the fact that the garnishee failed and neglected to pay into justice's court the sum found in his hands to be due and ordered paid in.

(7) After the issue and service of the writ it clearly appeared by amended return that proper service was made on respondent. This should have been taken to cure any omissions in the original return, if such cure was necessary, for it is the fact, not merely the proof of the fact, which gives the justice jurisdiction, except in those cases where by statute jurisdiction is made to rest on the proof.

(8) It is not denied in the petition for this writ that the defendant owes the small sum for which the action was brought, and, that being so, the court in a case like this where the amount is trifling and the objections technical and do not relate to jurisdiction of the subject matter, should have quashed the writ *sua sponte* under the rule in *Knapp v.*

*Heller,* 32 Wis. 467, and *Tourville v. S. D. Seavey Co.* 124 Wis. 56, 102 N. W. 352.

*By the Court.*—Judgment reversed, with directions to quash the writ of *certiorari.*