STATE, Plaintiff, vs. KRIEGBAUM, Defendant.

*October 15—November 8, 1927.*

*Intoxicating liquors: Presumption from possession: Burden of showing possession under permit: Searches: Justice of peace cannot authorize search of person: Search after arrest.*

1. Sub. (28), sec. 165.01, Stats., providing that possession of liquor by any person without a permit, other than in his private dwelling used exclusively as such, shall be *prima facie* evidence of unlawful possession, does not create an offense, but merely establishes a rule of evidence; but where the defendant did not meet the burden of showing that he had a permit for the possession of privately‧manufactured distilled liquor required by sub. (32) (d), sec. 165.01, Stats., the court must assume that the possession of distilled liquor with an alcoholic content of 49.5 per cent. in a place other than a private dwelling was without a permit, and the possession was *prima facie* unlawful under sub. (28). pp. 230, 231.

2. The power of a justice of the peace to issue a warrant to search for liquor alleged to be illegally held or possessed is confined strictly to authority given by secs. 363.01 to 363.04, Stats., under sec. 15, art. VII, Const., providing that justices of the peace shall have such civil and criminal jurisdiction as shall be prescribed by law; and liquor seized while searching the person of the defendant under a search warrant issued by a justice of the peace which expressly directed that search be made of the person of the defendant while on the premises described, was received in evidence in violation of sec. 11, art. I, Const. p. 232.

3. The prohibition of unreasonable searches and seizures under sec. 11, art. I, Const., does not prevent a search of the person of one who is under arrest under a valid warrant charging him with commission of an offense against the law. p. 233.

QUESTIONS CERTIFIED from the circuit court for Marquette county: CHESTER A. FOWLER, Circuit Judge. *Questions answered.*

For the plaintiff there was a brief by the *Attorney General, J. E. Messerschmidt,* assistant attorney general, and *K. J. Callahan,* district attorney of Marquette county, and oral argument by *Mr. Callahan* and *Mr. Messerschmidt.*

*Vincent F. McNamara* of Montello, for the defendant.

STEVENS, J.    The defendant, *John Kriegbaum,* was convicted of having privately manufactured distilled intoxicating liquor in his possession contrary to the statute.    Before sentence the trial court certified three questions to this court pursuant to the provisions of sec. 274.16 of the Statutes.

The first question is: Under par. (d), sub. (32), sec. 165.01 of the Statutes, providing that "the possession of any privately manufactured distilled liquors without such permit is hereby prohibited;" and sub. (28) of said section, providing that "The possession of liquor by any person without a permit, other than in his private dwelling used exclusively as such, shall be *prima facie* evidence of unlawful possession:"

(a)  Was the liquor received in evidence as a matter of law privately manufactured distilled liquor; and

(b)  Was such liquor, as a matter of law, in defendant's possession without a permit?

(a)  Sub. (28), sec. 165.01, of the Statutes does not create an offense, but merely establishes a rule of evidence. *Endish v. State,* 188 Wis. 259, 265, 205 N. W. 822.

The liquor here in question was not found in a private dwelling, but in a soft-drink parlor.    The analysis made of the liquor by the state chemist determined that the liquor in question was a distilled liquor with an alcoholic content of 49.5 per cent.    Under sub. (28) of sec. 165.01, possession of such distilled liquor without a permit is *prima facie* evidence of unlawful possession.    *Nelson v. State,* 186 Wis. 648, 656, 203 N. W. 343.

The fact of the possession of a permit is one to be established by the defendant.    *Hiller v. State,* 190 Wis. 369, 378, 208 N. W. 260.    The defendant did not meet the burden of showing that he had the permit, so that we must assume that his possession of the distilled liquor in question in a place other than a private dwelling was without a permit. Under such a state of the record such possession was *prima facie* unlawful.

State v. Kriegbaum, 194 Wis. 229.

Subdivision (a) of the first question is answered *Yes*.

(b) The burden being upon the defendant to show that distilled liquor was lawfully in his possession under a permit, and the defendant not having met such burden, the conclusion follows as a matter of law that the liquor was in defendant's possession without a permit.

Subdivision (b) of the first question is answered *Yes*.

The second question is: Was the liquor received in evidence seized in violation of sec. 11, art. I, of the state constitution, providing that "the right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures shall not be violated; and no warrants shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized?"

The liquor in question was seized while a search of the person of the defendant was in progress under a search warrant issued by a justice of the peace which expressly directed that a search be made of the person of the defendant while on the premises described in the warrant.

We express no opinion as to the power of a court of general jurisdiction to issue a warrant to search the person. We are concerned only with the question of whether the person of the individual described in the warrant can be searched under a search warrant issued by a justice of the peace, who can exercise only the judicial power conferred upon justices of the peace by the statutes when fairly interpreted. *De Laval S. Co. v. Hofberger,* 161 Wis. 344, 346, 154 N. W. 387.

Art. VII, sec. 15, of the constitution of Wisconsin provides that justices of the peace "shall have such civil and criminal jurisdiction as shall be prescribed by law." It was the law of Wisconsin before this provision of the constitution was adopted and it has uniformly been held under this constitutional provision that "justices' courts are not courts of record, and do not proceed according to the course of the

common law, and so far as their powers are concerned, they are confined strictly to the authority given them by the statute. They can take nothing by implication, but must show the power which they exercise to be expressly given them in every instance." *Cox v. Groshong,* 1 Pin. 307, 311, 312; *De Laval S. Co. v. Hofberger,* 161 Wis. 344, 346, 154 N. W. 387.

Ch. 363 of the Statutes contains the only legislative enactment which grants any express power to a justice of the peace to issue a warrant to search for liquor alleged to be illegally held or possessed. That chapter grants no authority to issue a warrant for the search of the person. The authority conferred is confined to the search of a "particular house or place" where the property or thing sought is alleged to be concealed. We think it would be an unreasonable construction to hold that the legislature intended to confer the power to direct the search of the person of a human being when it granted the power to issue warrants to search the "place" where it is alleged that property is concealed. The legislature having granted no power to a justice of the peace to issue a warrant for the search of a person, the conclusion follows that the liquor in question was received in evidence in violation of art. I, sec. 11, of the constitution of Wisconsin, which guarantees to the defendant immunity from unreasonable searches and seizures. A search made pursuant to warrant issued by a justice of the peace to whom the legislature had not granted the power to issue such a warrant is an unreasonable search and in violation of the defendant's constitutional rights under this section of that fundamental law.

The second question is answered *Yes.*

The third question assumes that defendant's constitutional rights were not invaded by a search of his person,—an assumption that is contrary to the conclusion reached by this court, and it therefore calls for no answer.

It should be noted that the prohibition of unreasonable searches and seizures has never been held to prevent the search of the person of one who is under arrest under a valid warrant charging him with the commission of an offense against the law. *Thornton v. State*, 117 Wis. 338, 346, 93 N. W. 1107.