DALE CATTANACH, Secretary Department of Transportation
You have asked whether ch. 193, Laws of 1977, which repealed and recreated see. 343.305, Stats., establishing the hearing procedures to determine the reasonableness of a refusal to submit to chemical tests to determine blood alcohol levels, confers jurisdiction upon municipal courts to hold such hearings.
Former sec. 343.305 specifically referred to "a court of record" while present sec. 343.305 refers only to "a court" or "the court."
It is my opinion that municipal courts do not have such jurisdiction. *Page 186 
In 57 Op. Att'y Gen. 11, 14 (1968), I said:
 "It was determined early in the history of the state that justice courts are vested only with the jurisdiction expressly conferred upon them by statute
and have no common law powers. Cox v. Groshong, 1 Pin. 307 (1843). The Cox case is cited with approval in the more recent case of State v. Kriegbaum, (1927) 194 Wis. 229
where the court said:
 "`Art. VII, sec. 15, of the constitution of Wisconsin provides that justices of the peace "shall have such civil and criminal jurisdiction as shall be prescribed by law." It was the law of Wisconsin before this provision of the constitution was adopted and it has uniformly been held under this constitutional provision that "justices" courts are not courts of record, and do not proceed accordingly to the course of the common law, and so far as their powers are concerned. they are confined strictly to the authority given them by the statute. They can take nothing by implication, but must show the power which they exercise to be expressly given them in every instance." Cox v. Groshong, 1 Pin. 307, 311, 312; DeLaval S. Co. v. Hofberger, 161 Wis. 344, 346, 154 N.W. 387.'
 "The municipal court created by the legislature is analogous to the justice court in that it has jurisdiction limited to that specifically granted by the legislature. Thus such courts can assume no power or jurisdiction by implication. . . ."
My position taken a decade ago remains unchanged.
Wisconsin Constitution art. VII in its present version and in the amended version effective August 1, 1978, provides that the municipal court derives its jurisdiction from the Legislature. Nowhere has the Legislature expressly granted the municipal court jurisdiction over hearings under sec. 343.305, Stats.
Currently, the Legislature has granted the municipal court jurisdiction to preside at actions arising under local ordinances. Sec. 254.045, Stats. Article VII, sec. 14 as amended, which becomes effective August 1, 1978, provides:
 "MUNICIPAL COURT. Section 14. The legislature by law may authorize each city, village and town to establish a municipal court. All municipal courts shall have uniform jurisdiction *Page 187 
limited to actions and proceedings arising under ordinances of the municipality in which established. Judges of municipal courts may receive such compensation as provided by the municipality in which established, but may not receive fees of office."
Under this provision the Legislature will lose the power to extend the municipal court's jurisdiction beyond ordinances. Article VII, sec. 14 is a limitation on the jurisdiction of the municipal court.
This raises the question whether a municipality may enact an ordinance incorporating the state's "implied consent" law, sec.343.305. I have concluded that it may not.
Under certain conditions a municipality may enact a traffic regulation as an ordinance. Secs. 349.03 and 349.06 (1). Section345.20 (1) (a) provides:
 "`Traffic regulation' means a provision of chs. 341 to 349 for which the penalty for violation is a forfeiture, or an ordinance enacted in accordance with s. 349.06."
Section 349.06 (1) provides:
 "Except for the suspension or revocation of motor vehicle operator's licenses, any local authority may enact and enforce any traffic regulation which is in strict conformity with one or more provisions of chs. 341 to 348 and 350 for which the penalty for violation thereof is a forfeiture."
In State v. Mordeszewski, 68 Wis.2d 649, 657, 229 N.W.2d 642
(1974), the supreme court ruled that a traffic offense punishable by fine or imprisonment could not be a traffic regulation as defined in sec. 345.20 (1), Stats.
The penalty for violation of the "implied consent" law, sec.343.305, is suspension of driving privileges. Since sec. 343.305
is not a "traffic regulation," involving a forfeiture as a penalty, a municipality may not enact it as an ordinance.
A municipality also has been granted authority to enact certain state criminal laws as ordinances under sec. 66.051. Section343.305 does not describe a "crime" which is defined in sec.939.12 as "conduct . . . punishable by fine or imprisonment or both." *Page 188 
I find no other grant of local legislative authority that would cover the "implied consent" provisions.
BCL:WHW