Streissguth and another vs. Reigelman.

STREISSGUTH and another, Respondents, vs. REIGELMAN, Garnishee, Appellant.

*November 7 — December 3, 1889.*

*Attachment: Affidavit: Garnishment: Judgment.*

1. A valid attachment is essential to the maintenance of an action on a demand not due.
2. An affidavit for an attachment which states positively the amount of the indebtedness, but shows that the only knowledge which the affiant has on the subject is what the plaintiffs and their agent have told him, is insufficient.
3. Under sec. 2766, R. S., a judgment against a garnishee is erroneous if there is no valid judgment in the principal action.
4. A garnishee defendant may avail himself of any defect in the proceedings in the principal action which operates to invalidate the judgment.

APPEAL from the Circuit Court for *Eau Claire* County. This action was brought against the principal defendant, Bessinger, pursuant to ch. 233, Laws of 1880 (2 S. & B. Ann. Stats. 1578), on a demand not then due. An attachment was issued based upon an affidavit of the attorney for the plaintiffs, and the appellant, *Samuel Reigelman*, was summoned as garnishee. He answered denying any liability to the defendant. Plaintiffs took issue on such answer.

Service of the summons upon the principal defendant, Bessinger, was made, or attempted to be made, by publication thereof. Judgment by default was rendered against Bessinger for the amount of plaintiffs' claim. Thereupon the issue in the garnishee action was tried, and the trial resulted in a judgment for the plaintiffs.

The affidavit for the attachment is as follows: " T. F. Frawley, being duly sworn, says he is the attorney for the above-named plaintiffs and makes this affidavit on their behalf. That the above-named defendant is indebted to the

plaintiffs in the sum of one hundred and thirty dollars and fifty cents over and above all setoffs, and that the same is to become due upon contract, express or implied; and deponent has good reason to believe that the defendant has assigned, conveyed, disposed of, and concealed, and is about to assign, convey, dispose of, and conceal, his property with intent to defraud his creditors. That the defendant B. Bessinger fraudulently contracted the debt and incurred the obligation respecting which this action is brought. Deponent's knowledge of the said indebtedness of the defendant is founded upon the statement thereof received from the plaintiffs herein, and from statements made to affiant by one W. J. Carley, traveling salesman for said plaintiffs."

The garnishee defendant appeals from the judgment against him.

*James Wickham*, for the appellant, contended, *inter alia*, that in order to obtain judgment against the garnishee the plaintiffs must have previously obtained a valid judgment against the defendant (R. S. sec. 2766), and if judgment against the defendant is void the judgment against the garnishee is void also. *Laidlaw v. Morrow*, 44 Mich. 547; *Axtell v. Gibbs*, 52 id. 640; *Iron Cliffs Co. v. Lahais*, id. 394; *Pope v. Hibernia Ins. Co.* 24 Ohio St. 481; *Healey v. Butler*, 66 Wis. 9; Drake on Attach. secs. 460, 696. The affidavit was defective because it failed to state positively the amount of indebtedness. *Miller v. Munson*, 34 Wis. 579; *Talbot v. Woodle*, 19 id. 174; *Hawes v. Clement*, 64 id. 152; *Eureka S. H. Co. v. Sloteman*, 67 id. 118, 128; *Quarles v. Robinson*, 2 Pin. 97; *Lathrop v. Snyder*, 16 Wis. 293; *Wiley v. C. Aultman & Co.* 53 id. 560.

*T. F. Frawley*, for the respondents, to the point that the affidavit alleged in a sufficiently positive manner the amount of indebtedness, and that it was not vitiated by merely adding the affiant's sources of information, cited *Wiley v. C. Aultman & Co.* 53 Wis. 560; *Anderson v. Wehe*, 58 id. 615;

*Emmitt v. Yeigh,* 12 Ohio St. 335; *Spear v. King,* 6 Smedes & M. 276; *Van Kirk v. Wilds,* 11 Barb. 520; *Edwards v. Flatboat Blacksmith,* 33 Miss. 190; *Auter v. Steamboat James Jacobs,* 34 id. 269; *Howell v. Kingsbury,* 15 Wis. 272; *Pitkins v. Boyd,* 4 G. Greene (Ia.), 255; *Jones v. Leake,* 11 Smedes & M. 591; *Gazan v. Royce,* 78 Ga. 512; *White v. Stanley,* 29 Ohio St. 423; *Bennett v. Edwards,* 27 Hun, 352; *Russell v. Rogers,* 15 Wend. 353; *Mitchell v. Pitts,* 61 Ala. 219.

LYON, J.    The garnishee defendant may avail himself of any defect in the proceedings in the original action which operates to invalidate the judgment.    *Healey v. Butler,* 66 Wis. 9.

It is settled beyond controversy that, under our attachment law,[1] the indebtedness of the defendant in the attachment must be positively stated by some affiant who has knowledge of the facts.    *Talbot v. Woodle,* 19 Wis. 174, and cases there cited; *Hawes v. Clement,* 64 Wis. 152; *Eureka S. H. Co. v. Sloteman,* 67 Wis. 118, 128.    Thus, in *Talbot v. Woodle,* an affidavit which stated the amount of the indebtedness on information and belief was held insufficient to support an attachment.

The affidavit in the present case states, in form, the amount of the indebtedness positively, and if it stopped there would be sufficient.    But it proceeds to state, in substance, that the only knowledge which the affiant had on the subject was what the plaintiffs and their agent told him.    It amounts to no more than a statement that the plaintiff and his agent told the affiant the defendant was indebted to the plaintiffs in the sum therein named.    Hence the affidavit is entirely insufficient to support the attachment.

[1] R. S. sec. 2731.

In an action brought upon a demand not due, a valid attachment is essential to the maintenance of the action. Failing the attachment, the action necessarily abates. It was so held in *Gowan v. Hanson*, 55 Wis. 341, and nothing need be added to what was there said by the chief justice on that subject. It follows that the judgment against the principal defendant is invalid.

Sec. 2766, R. S., provides that, "when the garnishment is not in aid of an execution, no trial shall be had of the garnishee action until the plaintiff shall have judgment in the principal action." In the present action the plaintiffs had no valid judgment in the principal action when the trial of the issue was had in the garnishee action, and when judgment against the appellant was rendered therein. It follows that the garnishee judgment is erroneous and must be reversed.

Many other errors are assigned as grounds for a reversal of the judgment, but it is unnecessary to discuss them here. The same errors are assigned in the case of Frisk and others against these defendants, decided herewith, and they are considered in that case. See *post*, p. 499.

*By the Court.*— Judgment reversed.