TRAUTMANN, Respondent, vs. SCHWALM and another, Appellants.

*September 29 — October 20, 1891.*

*Attachment: Affidavit by attorney.*

An affidavit for an attachment, made by the plaintiff's attorney, and containing a positive allegation of the indebtedness, but stating that such allegation is made upon information received from letters written to the deponent by the plaintiff and from a sworn statement of account in deponent's possession, and that he verily believes such information to be true, is insufficient.

APPEAL from the Circuit Court for *Eau Claire* County. The case is sufficiently stated in the opinion.

For the appellants there was a brief by *Teall, James & Teall,* and oral argument by *F. A. Teall.* They cited *Merrill v. Low,* 1 Pin. 221; *Morrison v. Ream,* id. 244; *Talbot v. Woodle,* 19 Wis. 174; *Miller v. Munson,* 34 id. 579; *Goodyear R. Co. v. Knapp,* 61 id. 103; *Gowan v. Hanson,* 55 id. 341; *Hawes v. Clement,* 64 id. 152; *Streissguth. v. Reigelman,* 75 id. 212.

For the respondent the cause was submitted on the brief of *M. B. Hubbard,* attorney, and *L. A. Doolittle,* of counsel. They contended that this case is unlike that of *Streissguth v. Reigelman,* 75 Wis. 212, in that it does not here appear that the affiant had not legal evidence as the source of his information. The "sworn statement of account" may have been sworn to by the defendants. Even if sworn to by the plaintiff it might have had an evidentiary character. *Howell v. Kingsbury,* 15 Wis. 272. The affiant need not state his means of knowledge. *Anderson v. Wehe,* 58 Wis. 615; *Rice v. Morner,* 64 id. 599. Mere surplusage, not inconsistent with the necessary averments, will not vitiate the affidavit. Drake, Attach. sec. 105; *Spear v. King,* 6 Smedes & M. 276; *Van Kirk v. Wilds,* 11 Barb. 520;

Trautmann vs. Schwalm and another.

*Edwards v. Flatboat Blacksmith*, 33 Miss. 190; *Antex v. Steamboat J. Jacobs*, 34 id. 269; *Emmet v. Yeigh*, 12 Ohio St. 335.

WINSLOW, J. This is an appeal from a judgment by default, entered upon a demand not due at the time of the commencement of the action. At the time of the commencement of the action a writ of attachment was issued based upon an affidavit of plaintiff's attorney, accompanied by the proper undertaking. If the affidavit was sufficient, the judgment was properly entered, under ch. 233, Laws of 1880; otherwise the action cannot be maintained. The affidavit contained a positive statement of indebtedness upon express contract in a certain sum, to become due at certain times in the future, and then stated that said allegation " is made upon information received from letters written to this deponent by said plaintiff, and from a sworn statement of account which is now in the possession of this deponent, and deponent verily believes said information to be true."

The mere statement of the case shows that the affidavit was insufficient, under the rules laid down in *Streissguth v. Reigelman*, 75 Wis. 212, and consequently that the action cannot be maintained.

*By the Court.*— Judgment reversed, and action remanded with directions to dismiss the complaint.