GIVANS, Respondent, vs. SEARLE, Appellant.

*October 20—November 10, 1908.*

*Justices' courts: Jurisdiction: Attachment: Insufficiency of affidavit:*
*Waiver: Admission of requisite facts: General appearance.*

1. Under secs. 3701, 3702, Stats. (1898), relating to affidavits for at-
   tachment and amendment thereof, the jurisdiction of a justice·
   of the peace to issue a warrant of attachment depends not upon
   the sufficiency of the preliminary affidavit, but upon the actual
   existence of the requisite facts, and these may be shown at any·
   time before the trial, provided they existed at the time the origi-
   nal affidavit was first presented to the justice.

2. Although the original affidavit for an attachment was insufficient,
   yet if, before the trial and while the justice had jurisdiction to·
   entertain the cause and allow an amendment, the defendant ap-
   peared generally and went to trial without objecting to the at-
   tachment on the ground of insufficiency of the affidavit, this was·
   a waiver of that objection and an admission of the existence of
   the facts upon which jurisdiction to issue the warrant rested,
   so that, without amendment of the original affidavit, the justice·
   continued to have jurisdiction not only to render a personal
   judgment against defendant but to entertain and determine the·
   attachment proceedings.

APPEAL from a judgment of the circuit court for Polk
county: A. J. VINJE, Circuit Judge. *Affirmed.*

*Morris E. Yager,* for the appellant, cited, besides other·
cases, *Damp v. Dane,* 29 Wis. 419; *Martin v. Eastman,* 109
Wis. 286, 85 N. W. 359; *Streissguth v. Reigelman,* 75 Wis.
212, 43 N. W. 1116; *Trautmann v. Schwalm,* 80 Wis. 275,.
50 N. W. 99; *Griswold v. Nichols,* 111 Wis. 344, 87 N. W.
300; *Conley v. Conley,* 78 Wis. 665, 47 N. W. 950; *Hager*
*v. Falk,* 82 Wis. 644, 52 N. W. 432; *Detroit S. Co. v. Kelly,*
78 Wis. 134, 47 N. W. 187; *Steen v. Norton,* 45 Wis. 412;
secs. 3702, 3704, Stats. (1898); *Goodyear R. Co. v. Knapp,*
61 Wis. 103, 20 N. W. 651.

For the respondent there was a brief by *Kennedy & Yates,*
and oral argument by *W. T. Kennedy.*

Among other references upon the part of the respondent were the following: Secs. 2731a, 3768, Stats. (1898) ; *Heath v. Heath,* 31 Wis. 223 ; *Rosenthal v. Wehe,* 58 Wis. 621, 17 N. W. 318 ; secs. 3706, 3715b, 3715c, Stats. (1898) ; *Bull v. Christenson,* 61 Wis. 576, 21 N. W. 521 ; sec. 2925, Stats. (1898) ; *Leary v. Leary,* 68 Wis. 662, 32 N. W. 623 ; *Edwards v. Smith,* 48 Wis. 254, 3 N. W. 758.

TIMLIN, J.   This action was commenced by writ of attachment in justice's court based upon the nonresidence of defendant. Certain property was seized. The defendant appeared and answered in justice's court, and after a trial that court gave judgment against him, from which he appealed to the circuit court, where he moved that the action be dismissed because the justice did not have jurisdiction of the subject matter of the action on account of a defect in the affidavit for attachment.   This affidavit is conceded to be defective, because the requisite facts were stated only upon hearsay evidence, within the rule of *Streissguth v. Reigelman,* 75 Wis. 212, 43 N. W. 1116.   Plaintiff moved for leave to amend this affidavit, and the circuit court denied the motion of the defendant and granted this motion of the plaintiff.   Exception was taken to this ruling, and the parties went to trial upon the merits before the circuit court, where the plaintiff had judgment for $102.67 damages and $59.18 costs, $30.55 of which were costs for taking and keeping the attached property in justice's court, and $12.03 of which were the other costs taxed in justice's court.   Upon taxation of costs before the clerk of the circuit court he allowed this item of $30.55 above mentioned and disallowed the $12.03.   Each party moved the court to review the taxation of the clerk and that court allowed both items, or $42.58 for costs in justice's court.

The form for warrant of attachment in justice's court is prescribed by sec. 3704, Stats. (1898), and consists of a com-

mand to the sheriff or any constable of the county to attach the goods and chattels, etc., of the defendant, and also to summon the defendant, if to be found, to be and appear before the justice, at the time and place designated, to answer to the plaintiff; and it may be executed by seizure of property without summoning the defendant in case he cannot be found, or by a seizure of property, also summoning the defendant if he can be found, or by summoning the defendant. Appellant contends that the justice had no jurisdiction of the subject matter of the attachment action on the showing made, that consequently the circuit court acquired no jurisdiction by the appeal, and that his appearance in both courts was no waiver, and he cites *Steen v. Norton,* 45 Wis. 412, and other cases in this court construing different statutes, which cases he considers decisive. We do not so understand the decisions of this court. It is true in *Steen v. Norton, supra,* some general language is used condemnatory of *Blackwood v. Jones,* 27 Wis. 498, and *Fairfield v. Madison Mfg. Co.* 38 Wis. 346, but it is also announced in *Steen v. Norton, supra,* that in an attachment in justice's court, "if the defendant appear and submit without objection, he cures the defect of the process as a personal summons, but not as an attachment of property. The justice takes jurisdiction to render personal judgment against him, but not against the property attached." Looking back now to the two condemned cases, it would seem that this was all that was decided in either. But the writer of the opinion in *Steen v. Norton* evidently understood these two cases to go further and to decide that the appearance of the defendant waived all objection to the jurisdiction of the justice over the subject matter of the attachment. Hence the cases were criticised, and declared to be overruled so far as they conflicted with *Steen v. Norton.* The latter case was one in which the contest was between the plaintiff and the garnishee defendant, and in no sense in-

cluded the legal effect of the appearance of the defendant in the principal action to which the garnishment was ancillary; and, so far as the two condemned cases decided that the defendant in the attachment case might waive objection to a personal judgment against him by appearance and answer to the merits, without, however, by such appearance waiving objection to the lack of jurisdiction to attach property, they were in no wise in conflict with *Steen v. Norton,* and to this extent were not overruled by that case. Six years later, when the case of *Bull.v. Christenson,* 61 Wis. 576, 21 N. W. 521, came before this court, the real points decided in *Blackwood v. Jones, supra,* and *Fairfield v. Madison Mfg. Co., supra,* were again conclusively decided. So that prior to the enactment of ch. 134, Laws of 1893 (last part of sec. 3702, Stats. 1898), the law of this state upon this subject stood as follows: The filing of a proper affidavit with the justice of the peace was a condition precedent to the exercise of his jurisdiction to issue a writ of attachment, but having by statute jurisdiction of actions at law upon contract within the specified limit (sec. 3572), and upon voluntary appearance of the parties (sec. 3593), if the defendant in the attachment appeared generally before the justice, and especially if he went to trial on the merits, the justice had jurisdiction to render a personal judgment against him, thus leaving the attachment invalid for want of jurisdiction of the subject matter of issuing the writ, but the personal judgment based upon his voluntary submission to the court valid.

The respondent points out that now, by the last subdivision of sec. 3702, Stats. (1898), the affidavit for attachment is amendable, "and the new affidavit shall stand in lieu of the original one for all purposes;" that upon attachment in circuit court the affidavit is amendable, and "the new affidavit shall stand in lieu of the old one for all purposes" (sec. 2731a); that by sec. 3768, Stats. (1898), this action was to

be tried in the circuit court as actions originally brought there.

"Any person may commence an action by warrant of attachment . . . in the cases, upon the condition and in the manner provided by this chapter."   Sec. 3701, Stats. (1898).

"Before a warrant of attachment shall be issued the plaintiff or some person in his behalf shall make and file with the justice an affidavit stating," etc.   Sec. 3702, Stats. (1898).

Leaving these provisions intact, the legislature declared by ch. 134, Laws of 1893 (last part of sec. 3702, Stats. 1898), first, that this affidavit might be amended at any time before trial by the substitution of a new affidavit; second, this new affidavit should contain allegations of facts existing at the time of making the former affidavit; third, that the new affidavit should stand in lieu of the original affidavit for all purposes.   The necessary effect of this amendment was to make the jurisdiction of the justice depend, not upon a preliminary showing of fact, but upon the actual existence of the facts upon which jurisdiction was made to rest, and these facts might be shown at any time before trial, provided they existed at the time the original and insufficient affidavit was first presented to the justice.

In the case at bar there was no sufficient affidavit originally presented to the justice, nor was there any amended affidavit filed in justice's court before trial.   But within the time allowed for filing the amended affidavit—that is to say, before trial, and while the justice had jurisdiction to entertain the cause and allow the amendment—the defendant appeared generally in the case and went to trial without objecting to the attachment on this ground.   This may be considered an admission of the existence of the facts upon which jurisdiction to issue the writ rested.

Construing all the provisions of this statute together, namely, those making the presentation of the affidavit in the first instance a condition precedent to the exercise of the ju-

risdiction of the justice to issue a warrant of attachment, and the later amendment providing a way in which the failure to do this might be rectified if its sufficiency had been challenged, we must hold that the objection to the attachment was also waived by the general appearance of the defendant and his failure to object to the sufficiency of the affidavit, and that the justice had, at the time of the general appearance of the defendant, and by virtue of such general appearance and failure to object continued to have, jurisdiction not only to render the judgment appealed from, but to entertain and determine the attachment proceedings. This makes the decision of other questions unnecessary, and it follows that the judgment must be affirmed.

*By the Court.*—Judgment affirmed.