# CASES DETERMINED

# August Term, 1908.

HANRAHAN and another, Appellants, vs. CITY OF JANES-
VILLE, Respondent.

*October 22—November 10, 1908.*

*Municipal corporations: Claims: Ambiguity: Appeal from action of
common council: Statutes: Construction: Jurisdictional defects.*

1. A claim filed against a city entitled "City of J. to H. and L., at-
   torneys for B.," is ambiguous as to the ownership of the de-
   mand.

2. While, under statutes providing for the manner in which ap-
   peals may be taken from inferior bodies or tribunals to the
   circuit court, failure to comply in every substantial particular
   , with the statutory requirements pertaining thereto is usually
   held fatal to the jurisdiction of the appellate court over the sub-
   ject matter of the action, it is not promotive of. the ends of
   justice to unduly extend the application of such rule beyond
   questions fairly akin to those presented by the cases passed
   upon.

3. No great formality is required in reference to the form in which
   claims are to be presented against a municipality.

4. A mere ambiguity as to the ownership of a claim filed against a
   municipality is not a defect affecting the jurisdiction of the cir-
   cuit court on appeal, where the appeal is taken by the true
   owner from a disallowance made on the merits of the claim.

5. A claim filed against the defendant city, entitled "City of J.
   to H. and L., attorneys for B.," was disallowed on the merits by
   the common council. H. and L., who asserted ownership of the
   claim and that it was filed as their claim, appealed from the ac-

tion of the common council. On a motion to dismiss the appeal H. and L. offered oral testimony tending to show that they were in fact the owners of the claim filed, which proof was rejected as immaterial and the appeal dismissed. *Held,* that such proof should have been received, and, in the event that H. and L. were able to establish ownership when the appeal was taken, they should have been permitted to prosecute the same.

APPEAL from an order of the circuit court for Rock county: GEORGE GRIMM, Circuit Judge. *Reversed.*

This is an appeal from an order dismissing an appeal prosecuted by the plaintiffs from the disallowance of a claim by the common council of the city of *Janesville.* On November 27, 1905, a claim was filed with the city clerk of said city, entitled as follows: "City of *Janesville* to *Hanrahan* and *Lindquist,* Attorneys for M. J. Benson." The amount claimed was $13,950.40. The claim was founded upon extra work alleged to have been performed in connection with the construction of sewers in the city of *Janesville.* The city council allowed $121.20 on account of items contained in the bill and disallowed the balance. Before final action was taken upon the bill as filed it was referred to the committee on sewerage, which committee made a report thereon, in which report the claim was referred to as that of "M. J. Benson and *Hanrahan* and *Lindquist."* This report was adopted by the common council. The appeal from the disallowance was taken by R. T. *Hanrahan* and A. H. *Lindquist.* After the appeal was taken, on motion of the defendant an order was made by the circuit court requiring formal pleadings to be filed, which order was complied with. Thereafter the defendant moved to dismiss the appeal because the same was not taken by M. J. Benson, the party who it was alleged filed the claim. The circuit court held that the claim filed was uncertain and indefinite as to who in fact owned it, and that it did not appear, in any event, to be that of the plaintiff, and therefore the court failed to acquire any jurisdiction of the appeal, whereupon the order of dismissal

complained of was entered. It appears from the complaint in the action, and certain offers of documentary evidence made on the motion to dismiss, that the original sewer contract was let to M. J. Benson on August 9, 1904. When the work was but partially completed and on March 20, 1905, Benson assigned all his rights under the contract to *Hanrahan* and *Lindquist,* and they in turn assumed all of Benson's obligations thereunder. This assignment was approved by the street assessment committee of the city of *Janesville* on March 20, 1905, but not in such a manner as to relieve Benson from responsibility in the event of his assignees failing to perform the conditions of his contract. On the same date a power of attorney given by Benson to *Hanrahan* and *Lindquist* was filed with the city clerk of the city of *Janesville.* The instrument empowered the plaintiffs to collect and receive from the city all sums due or to become due under the Benson contract. The plaintiffs offered oral testimony on the motion to dismiss tending to show that they were in fact the owners of the claim filed, which proof was rejected as immaterial. The error assigned is that the court was wrong in granting the motion to dismiss.

For the appellants there was a brief by *Jeffris, Mouat, Smith & Avery,* and oral argument by *M. O. Mouat.*

*H. L. Maxfield,* city attorney, and *William G. Wheeler,* of counsel, for the respondent.

BARNES, J. The circuit court was entirely justified in holding that the claim in question was ambiguous as to ownership. If *Hanrahan* and *Lindquist* were filing it as their claim, then it is not apparent why they styled themselves "attorneys for M. J. Benson." If they filed it as the claim of Benson, then the query arises: Why was it not drawn in some manner indicating with reasonable certainty that Benson was the claimant, and that the Hanrahan & Lindquist Company filed it as his attorneys in fact? In view of the

record made and that attempted to be made, the most probable conjecture is that when plaintiffs filed the claim in question they were harboring the belief that they could only assert their claim against the city as assignees of Benson by virtue of the power of attorney referred to in the statement of facts. That the plaintiffs in fact owned the claim, and intended to file it in their own behalf, seems apparent from the record presented and from the rejected offers of evidence.

This court has adopted a strict construction of statutes providing for the manner in which appeals may be taken from inferior bodies or tribunals to the circuit court. Failure to comply in every substantial particular with the statutory requirements pertaining to such appeals has usually been held fatal to the jurisdiction of the appellate court over the subject matter of the action. *Oshkosh W. W. Co. v. Oshkosh,* 106 Wis. 83, 81 N. W. 1040; *S. C.* 109 Wis. 208, 85 N. W. 376; *Telford v. Ashland,* 100 Wis. 238, 75 N. W. 1006; *Drinkwine v. Eau Claire,* 83 Wis. 428, 53 N. W. 673; *Bullard v. Kuhl,* 54 Wis. 544, 11 N. W. 801. While these cases express the settled law of the state upon questions fairly akin to those passed upon, it would not be promotive of the ends of justice to unduly extend their application. In this case there was no doubt about the nature of the transactions out of which the claim arose. There does not seem to have been any doubt upon the part of the city that plaintiffs were at least interested therein. They had performed a large part of the Benson contract, and it is a fair assumption that it was known to the city officials that they performed such work as assignees of Benson, and that they were entitled to whatever might be owing on the claim filed, if anything was in fact owing thereon. There is no question of the city having any offset or counterclaim against Benson that might not be pleadable against his assignees. There is no suggestion that on a trial of the case the city cannot be amply protected against any claim Benson might here-

after make on the same grounds before any judgment would be awarded plaintiffs. The record does not present any difficulties in the way of administering justice if the appeal is held good. The order of dismissal is based upon grounds that do not affect the merits of the claim presented, but if the court, for any reason, failed to get jurisdiction, the ruling of the trial judge must be upheld. No great amount of formality is required in reference to the form in which claims are presented to a municipal corporation. *French v. Dunn Co.* 58 Wis. 402, 17 N. W. 1. In *Marsh v. St. Croix Co.* 42 Wis. 355, and in *Eaton v. Manitowoc Co.* 40 Wis. 668, it was held that claims might in certain cases be amended after they were filed, particularly where they were not sufficiently itemized. This doctrine seems to be adhered to in *Miller v. Crawford Co.* 106 Wis. 210, 82 N. W. 175, and also in *Outagamie Co. v. Greenville,* 77 Wis. 165, 171, 45 N. W. 1090. In *Marsh v. St. Croix Co.* the claim filed was disallowed in part because it was not properly itemized and also because the party filing the same did not furnish any sufficient proof of ownership. After the time for taking an appeal from such disallowance had expired, the plaintiff filed an amended claim obviating the objections upon which the county board based its action. This court held that the amended bill was properly filed and should have been acted upon by the board. In this case the court also held that the filing of the claim was the commencement of an action, although sec. 4242, Stats. (1898), had not then been enacted. The decision in this latter particular is somewhat limited by *Rice v. Ashland Co.* 108 Wis. 191, 84 N. W. 189. The appeal here was taken under sec. 925—60, Stats. (1898), which provides that in the event of a disallowance of a claim, in whole or in part, "the claimant may appeal from the decision disallowing said claim to the circuit court of the county in which such city or some part thereof is situated by causing a written notice of appeal to be served on the clerk of such city within

twenty days after the disallowance of such claim, and by executing a bond to the city in the sum of one hundred and fifty dollars, with two sureties to be approved by the city clerk, conditioned for the faithful prosecution of such appeal and payment of all costs that shall be adjudged against the appellant." No objection is made to the form of the notice of appeal or bond given on the appeal in this case. The defendant contended, and the circuit court held, that the "claimant" did not take the appeal. The appellants assert the contrary. They offered to remove the ambiguity as to ownership appearing upon the face of the claim by proof which was rejected. If the plaintiffs are in fact the "claimants," then there is at least a literal compliance with the language of the statute, because the appeal has been taken by the parties designated by the statute as the proper parties to take the same. By the ruling of the circuit court the plaintiffs were precluded from showing, if they might, that they were in fact copartners and that the bill was filed in the firm name which they had adopted. They were also precluded from showing that after the filing of the bill and before the appeal was taken they acquired the interest of the real owner or owners therein.

We do not think that a mere ambiguity as to the ownership of a claim as filed is a defect therein that is jurisdictional, where an appeal is taken by the real owner from a disallowance made on the merits of the claim. The city council might very properly refuse to act upon the claim until it was made definite and certain, or it might disallow the claim because it was indefinite or uncertain as to ownership. Such action would enable the owner to amend his claim. But where, as here, the city council acted upon the claim filed, and the appeal was taken by the parties who assert ownership to the claim, and further assert that they filed it as their claim, and where the city is not precluded from interposing any legitimate defense it may have, we conclude that plaint-

iffs should be permitted to show, if they can, that they are in fact the sole owners of the claim and that they filed the same as their claim in the first instance, or that they were the legal assignees of the claimant when the appeal was taken, and, in the event of their being able to establish ownership when the appeal was taken, they should be permitted to prosecute the same.

*By the Court.*—The order appealed from is reversed, and the cause is remanded for further proceedings according to law.