KREMER, Respondent, vs. ARIANS, Appellant.

*February 1—February 22, 1910.*

*Justices' courts: Garnishment in aid of execution: Jurisdiction: Return of execution* nulla bona: *Appeal: Sufficiency of notice: Title of action: Findings of fact: Exceptions.*

1. In a garnishment action in a justice's court in aid of execution, under sec. 3700, Stats. (1898), no loss of jurisdiction results from return of the execution *nulla bona.* The action does not depend upon a levy or seizure by virtue of the execution, but upon the absence of such levy; and the right of the justice to the custody of property delivered to him by the garnishee pursuant to sec. 3723*b* rests upon that statute, not upon the execution.

2. A sheriff's return on execution that up to the return day he had been unable to find any property, necessarily negatives the finding of any at any earlier time.

3. The notice of appeal from a justice's court is sufficient to confer jurisdiction if it contains any fair and intelligible description which will enable the justice from his records, and the respondent from his knowledge of the situation, to identify the judgment from which the appeal is intended, although there are technical inaccuracies and omissions in such description.

4. Where, in a garnishment action in justice's court, a claimant of property brought into court is made a party and the garnishee discharged pursuant to sec. 3723*b*, Stats. (1898), such claimant becomes the defendant, and the action is properly entitled in a notice of appeal as being by the plaintiff against such defendant.

5. A finding of fact by the circuit court to which no exception is taken is a verity on appeal.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

Plaintiff, having obtained judgment in justice's court for some $105 and costs against one Edith Reynolds, issued execution thereon, and on the 18th day of November, 1908, made necessary affidavit and procured to be issued a garnishee summons in aid of the execution against one A. C. Hoppmann, returnable December 18th. Hoppmann, on the return day, delivered to the justice a note and mortgage for $400 upon

certain real estate, also two checks of $50 each, indorsed by said Hoppmann, with answer that he held them in trust for, and belonging to, said Edith Reynolds pursuant to an agreement for settlement of her property rights in a divorce action, but they were claimed to be owned by virtue of a transfer from Edith Reynolds by her mother, *Barbara Arians*. Both Edith and *Barbara* appeared upon the order of the court interpleading the latter, and answered asserting the latter's ownership of the note, mortgage, and the checks. Hoppmann was dismissed. It appeared that the property had been placed in Hoppmann's hands by mutual written agreement between Edith Reynolds and her husband as a method of effecting distribution of his property and to secure an agreement that a divorce judgment should be entered, giving her $100 and a mortgage substantially to the same effect for $400, and that in event of failure so to do this property should be turned over to her. The court found that the judgment of divorce had been entered and that all the conditions and events existed to entitle Edith Reynolds to these documents at the time of the service of the garnishee summons. Evidence was given of an attempted purchase of the property rights under the divorce judgment by *Barbara Arians*. In justice's court this was held valid and *Mrs. Arians* entitled to the property. Plaintiff appealed to the circuit court, where the matter was heard upon the same evidence, and the court found that the transfer was ineffective to convey to *Mrs. Arians* either the note and mortgage or the checks and that the attempted transfer was not made in good faith, but for the purpose of hindering, delaying, and defrauding the creditors of Edith Reynolds, and particularly the plaintiff, and accordingly rendered judgment that at the expiration of ten days the clerk of the court pay to the plaintiff the $100 proceeds of the two checks, and that unless the defendant Reynolds should pay the balance due on plaintiff's judgment in the main action and the costs, the note and mortgage be sold by the sheriff as property is sold on

execution, and after deducting the fees and expenses of sale the sheriff pay to the plaintiff the amount due on his said judgment. From this judgment *Barbara Arians* appeals.

For the appellant there was a brief by *Ollis & Nelson,* and oral argument by *R. N. Nelson.*

*J. Burritt Smith,* for the respondent.

DODGE, J. 1. Jurisdiction of the justice is assailed because on the return day of the garnishee summons the execution was returned *nulla bona.* No statute or holding of this court is cited declaring any necessity for the execution to persist. The service of the garnishee summons is not a seizure of property upon the execution, for it is only authorized in case no property can be seized. Sec. 3700, Stats. (1898). It is the institution of an action against the garnishee, to proceed like other actions. Id. It depends, under our statutes, not on any levy or seizure by virtue of the execution, as in some states, but on the absence of such levy. Seizure being not an essential to the jurisdiction of the suit, persistency of the particular execution seems in no wise necessary to the continuation of the justice's jurisdiction to hear and decide the action. His custody of the disputed property even when turned over to him is not retained by authority of the execution, which runs, and gives authority, only to the constable or sheriff. The justice's right rests on the special statute authorizing him to receive and hold the property when surrendered by the garnishee in response to the summons and in exoneration of the latter's personal liability. Sec. 3723*b,* Stats. (1898). For these and other reasons we are satisfied that our statutory scheme does not contemplate the perpetuation of the execution by monthly renewals during the months or years through which the trial of questions of ownership of the disclosed property may be protracted, not only before the justice, but, on appeal, in other courts; and therefore that no loss of jurisdiction resulted from its return *nulla bona.*

2. The claim that the judgment is void because there is no showing that the sheriff could not find sufficient property to levy on is entirely met by the presence of the officer's return that up to the return day, December 18th, he had been unable by diligent search to find any such property. This necessarily negatives the finding of any at any earlier time.

3. Jurisdiction of the circuit court on appeal is assailed on the ground of defects in the notice of appeal. That notice, correctly addressed to the justice of the peace, entitled the action "*F. A. Kremer,* Plaintiff, *v. Barbara Arians,* Defendant," and stated that the plaintiff appealed "from the judgment rendered in said court before you in the above-entitled action on the 8th day of March, 1909, in favor of the defendant and against the plaintiff for the sum of $105 damages and ———— dollars costs." It is undoubtedly true that earlier decisions of this court tended to very strict and technical rules in appellate procedure. Recent decisions, however, have much modified the technicalities, and, recognizing that the law favors appeals from the lower courts, have tended to the more rational rule that any fair and intelligible description sufficient to enable the justice from his records, and the respondent from his knowledge of the situation, to identify the judgment from which the appeal is intended, will suffice to confer jurisdiction. The tendency of these later cases reached its culmination in *Cowles v. Neillsville,* 137 Wis. 384, 119 N. W. 91, wherein are collected most of the earlier ones, except *Hanrahan v. Janesville,* 137 Wis. 1, 118 N. W. 194. The statute (sec. 3754, Stats. 1898) requires merely presentation to the justice of a notice of appeal. The notice in question is criticised, first, because of the title to the action wherein the impleaded claimant of the property is named as defendant. The statute provides that upon the service of the garnishee summons shall be instituted an action in which the plaintiff in the original action shall be plaintiff and the garnishee, defendant. This action when originally commenced,

therefore, was correctly entitled *Kremer,* Plaintiff, *v. Hopp-mann,* Defendant. When Hoppmann brought the property into court and impleaded *Barbara Arians* and she claimed the property, and by order of the court she was made a party and he discharged, he certainly was no longer defendant, and she as clearly became defendant within the theory of our garnishee proceedings. See sec. 2767, Stats. (1898), which declares that the claimant in case of interpleader shall become a defendant. Therefore the title used in the notice of appeal was technically correct; in any event, it permitted of no uncertainty as to the action intended to be described. In that action there was but one judgment, and that on the date correctly specified in the notice. That was a judgment, as stated in the notice, against the plaintiff and in favor of the defendant named. The notice, evidently by reason of the use of a printed form, then contained the words "for the sum of $105." Of course that was not a technically correct description of the judgment, for the defendant did not recover judgment for any sum, but she did defeat liability of herself and the claimed property for a judgment in a principal action wherein the amount claimed was $105. So that in a certain sense the judgment was in her favor to that amount. It is true, also, that the notice, while stating that the judgment was also for costs, did not state the amount of such costs, but left it blank. We are persuaded that under the liberal rule declared in the foregoing authorities neither the justice of the peace nor the defendant could have failed, by the exercise of ordinary intelligence and from an inspection of the record in this case, to ascertain what judgment was complained of by the plaintiff notwithstanding such ambiguous statements, which at best were mere surplusage. That being so, the notice was sufficient to confer jurisdiction upon the appellate court.

4. The judgment of the circuit court is assailed, first, because, as is asserted by appellant, there was no proof that

the right of Mrs. Reynolds to the property in Hoppmann's hands had become absolute at the time of the service of the garnishee summons. This contention, however, is met by an express finding by the circuit court that the facts had occurred to make such right absolute at that time, which finding is without exception. It therefore is a verity behind which we cannot look for evidence one way or the other. Sec. 3070. The only other attack upon the judgment is that the finding of the trial court that the transfer from Mrs. Reynolds to the appellant was made with intent to defraud her creditors, and especially plaintiff, is not in accord with the evidence. Upon this contention it suffices to say that we do find many facts and circumstances justifying some inference of fraudulent intent and participation therein by appellant, and, while there is testimony of interested parties tending to establish good faith, we do not discover any such clear preponderance against the finding of the trial court as to justify setting it aside.

*By the Court.*—Judgment affirmed.