Kuehn, Appellant, vs. Nero and Menominee River Sugar Company, Garnishee, Respondents.

*February 4—February 21, 1911.*

*Appeal: Defective undertaking: Amendment: Justices' courts: Garnishment: Sale of goods to foreign corporation: When title passes: Property in transit not "in the hands" of consignee.*

1. An undertaking on appeal, defective because of insufficient justification of the sureties, may be amended in that particular after a motion to dismiss and even after the time has expired within which an appeal could be taken.
2. If the title to goods sold to a foreign corporation had passed at the time of the service of a garnishee summons upon the purchaser, the garnishment proceeding will not lie, since a credit held in another state cannot be reached.
3. Under a contract for the growing of beets and delivery thereof to a sugar factory, providing that all beets testing under a certain per cent. of sugar would not be received or paid for, title to the beets did not pass until after they were tested.
4. Property delivered by the vendor to a carrier and in transit at the time a garnishee summons is served on the consignee, even if the possession of the carrier is technically that of the consignee, is not "in the hands" of such consignee within the meaning of sec. 3719, Stats. (1898), relating to garnishment in justices' courts.

APPEAL from a judgment of the circuit court for Shawano county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

In February, 1902, plaintiff commenced an action of replevin against the defendant to recover a cow. During the pendency of the action the parties stipulated that the defendant might retain possession of the animal until the justice rendered his decision in the action. The justice found in favor of the plaintiff and entered an order in his docket requiring the defendant to deliver the possession of the cow to the plaintiff and also assessed plaintiff's damages for the wrongful detention of the animal at $25, for which sum judgment was entered with costs. The defendant never com-

plied with the order, and the judgment for damages and costs has not been paid. An execution was issued on the judgment on November 6, 1905, and the officer returned that he was unable to find any property out of which the same might be satisfied. Such execution did not correctly state the amount of the judgment on which it was issued. On November 7th a garnishee summons based on the execution was served on the agent of the *Menominee River Sugar Company*, a foreign corporation. That company first answered admitting liability as garnishee, but later filed an amended answer setting forth in detail the transaction between it and the defendant, the substance of which was as follows: On March 22, 1905, the defendant and the garnishee entered into a contract whereby the defendant agreed to plant one acre of land to sugar beets, the seed to be furnished by the garnishee. The contract provided that all beets raised thereunder should be delivered to the garnishee as requested after October 1st and that they should be delivered to the company on board cars on Siding No. 170, and there weighed and tared under the direction of the company's representative. The company agreed to pay the freight on the beets. When the grower loaded beets at a point where there were no wagon scales the beets should be weighed and tared at the company's factory at Menominee, Michigan. The price agreed upon was $4.60 per ton. The contract also provided that "the company will not accept beets grown from seed not furnished by them, nor will they receive or pay for rotten beets nor beets testing under ten per cent. of sugar." The defendant produced a carload of beets under this contract and loaded the same into a car on November 4, 1905, at the siding specified. The beets arrived at Menominee, Michigan, on November 12, 1905. How they were routed or where they were when the garnishee summons was served does not appear. Judgment was rendered in the action dismissing the garnishee proceedings.

*F. Y. King,* for the appellant.

For the respondents there was a brief by *Olen & Olen,* and oral argument by *W. A. Olen.*

BARNES, J.    The respondent moved to dismiss the appeal because of insufficient justification of the sureties to the undertaking on the appeal.    After the motion was made the appellant amended the undertaking so as to conform to the statute.    The correction was made after the time had expired within which an appeal might be taken.    The motion presents substantially the same situation as was before the court in *Ady v. Barnett,* 142 Wis. 18, 124 N. W. 1061, and under the ruling of that case the motion to dismiss must be denied.

The court found that the judgment in the replevin action was void; that the execution issued thereon was void even if the judgment were valid; and that the garnishee had no money or property in its hands belonging to the defendant at the time the garnishee summons was served.    It is unnecessary to pass upon the first two grounds upon which the court based its decision, although it might not be out of place to remark that under the later decisions of this court, such as *Givans v. Searle,* 136 Wis. 608, 118 N. W. 202; *Cowles v. Neillsville,* 137 Wis. 384, 119 N. W. 91; and *Kremer v. Arians,* 141 Wis. 662, 124 N. W. 1064, the judgment and execution were held void on technical grounds which would hardly meet our approval.

In support of the third ground upon which the court based its decision, it is urged that money or property situated outside of the state is not subject to garnishment, and it was so held in *Bates v. C., M. & St. P. R. Co.* 60 Wis. 296, 302, 19 N. W. 72, and in *Morawetz v. Sun Ins. Office,* 96 Wis. 175, 179, 71 N. W. 109.    One sufficient reason for so holding is that a garnishment is to all intents and purposes a levy on the property of the defendant in the hands of the garnishee, and that extraterritorial effect cannot be given to writs and proc-

esses of this character issued by our courts. So unless this case falls without the rule of the cases referred to the attempted garnishment was unavailing.

We can conceive of but one ground upon which the garnishment proceeding could possibly be sustained. The beets were loaded in a car on November 4th at a railroad siding in Shawano county. The garnishee summons was served on November 7th and the car was received by the garnishee on November 12th at Menominee, Michigan. We do not think, under the terms of the contract between the defendant and the garnishee, the title to the beets passed until after they were tested. If it did, then clearly the proceeding would not lie, because the liability of the garnishee would be confined to the sum of money due or to become due for the beets, and a credit held in a foreign state could not be reached. If, however, the title had not passed, and the beets were delivered by the defendant as soon as they were loaded, technically it might be said that the possession of the carrier was the possession of the garnishee and that the latter had property in its possession belonging to the defendant within the state of Wisconsin. We say "might," because the evidence does not disclose where the beets were on November 7th, except as an inference might be drawn from the testimony showing the date of loading and the time they were received. Drawing the inferences from the evidence that are most favorable to the plaintiff, there remains to be considered whether the possession of the garnishee was sufficient to support the action against it. The actual physical possession was in the carrier, who was a bailee for hire. To hold that a theoretical or constructive possession of this character would support a garnishment would place litigants in anomalous situations and lead to confusion and injustice. The statute fixing the liability of a party garnished in justice's court (sec. 3719, Stats. 1898) is ancient, and was adopted under conditions materially different from those which now exist and when the

railroad mileage within the state was insignificant, if indeed there was any at all. Sec. 3725, Stats. (1898), requires a manual delivery of the property in the possession of the garnishee to the justice, when the garnishee is held liable. If the garnishee found that the beets did not comply with the contract after they were tested, and elected to reject them for that reason, do the statutes cited contemplate that it must reship the beets to the nearest station to the justice and unload and deliver them at his office? We apprehend that many contracts are made by which goods are delivered to the purchaser on board cars, with the right to inspect and reject at destination if they do not comply with the contract of sale. If service could be made on the vendee while the goods were in transit, at a place distant from his residence, it would be unreasonable to say that he must return the goods to the justice before whom the proceeding is pending in the event of his refusing to accept them as a compliance with the contract of sale. It can make no difference in the case before us that the vendee elected to accept the beets. Its liability, if any there was, was dependent on whether it had property in its possession within the state belonging to the defendant when the garnishee summons was served. If it had any such property it consisted of beets. If the garnishee could not be obliged to turn over the beets in case it elected not to use them, then it could not be held for their value if it elected to keep and pay for them. The statute (sec. 3719, Stats. 1898) makes the garnishee liable for the property "in his hands belonging to the defendant." We do not think that property delivered to a carrier, and in transit when a garnishee summons is served, is "in the hands" of the consignee within the meaning of this statute. It seems to contemplate actual manual possession.

*By the Court.*—Judgment affirmed.