COURT OF APPEALS
DECISION
DATED AND FILED

July 23, 2019

Sheila T. Reiff
Clerk of Court of Appeals

NOTICE

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    2018AP2186

Cir. Ct. No.  2018TR14997

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

CITY OF MILWAUKEE,

PLAINTIFF-RESPONDENT,

V.

DAVID B. MUNZINGER,

RESPONDENT-APPELLANT.

APPEAL from an order of the circuit court for Milwaukee County: HANNAH C. DUGAN, Judge. *Reversed and cause remanded with directions*.

¶1    BRASH, P.J.[1]    David B. Munzinger appeals an order of the circuit court dismissing his appeal of a judgment rendered by the Milwaukee Municipal Court which found him guilty of operating while under the influence of an

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(b) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

intoxicant (OWI). The appeal was dismissed on the grounds that Munzinger failed to provide written notice of the appeal to the City of Milwaukee, pursuant to statutory requirements. Munzinger asserts that he provided sufficient written notice as well as actual notice of the appeal to the City. We agree with Munzinger that the written notice he provided to the City was sufficient, and therefore reverse and remand this matter to the circuit court to reinstate the appeal.

## BACKGROUND

¶2 Munzinger was cited for OWI on May 7, 2017, after being involved in a motorcycle crash in the city of Milwaukee. Munzinger suffered a head wound in the accident, and while he was being treated at the scene, an officer from the Milwaukee Fire Department detected the smell of alcohol on Munzinger's breath. Munzinger was transported to the hospital for treatment; a blood draw was performed as well, which showed that he had a blood alcohol content of .077, just under the legal limit of .08.

¶3 After these results were provided to the City, the assistant city attorney (ACA) prosecuting the case requested that the OWI charge be amended to reckless driving. However, the municipal court denied the motion to amend the charge, and ultimately found Munzinger guilty of the OWI charge after a court trial in April 2018.

¶4 Munzinger timely filed a Notice of Appeal with the Milwaukee County Circuit Court on May 14, 2018.[2] That same day, Munzinger's counsel

---

[2] The Notice of Appeal was initially submitted on May 4, 2018; however, Munzinger did not pay the requisite appeal fee and bond for the fine imposed in the judgment until May 14, 2018.

sent the ACA a letter via electronic mail stating that Munzinger was appealing the judgment; also attached to the email were copies of the receipts for Munzinger's payment of the appeal fee and the bond for the judgment. However, the Notice of Appeal form was not included in that correspondence.

¶5 The City subsequently filed a motion to dismiss the appeal on the grounds that Munzinger had failed to provide written notice of the appeal to the City.[3] Because Munzinger did not provide the City with the Notice of Appeal form, the City argued that the appeal had not been perfected in accordance with WIS. STAT. § 800.14(1). That statute requires that written notice of the appeal be provided to both the municipal judge and the other party—in this case, the City. Therefore, the City asserted that the circuit court did not have jurisdiction over the matter.

¶6 Munzinger argued that the electronic mail sent to the ACA on May 14 complied with the written notice requirement pursuant to *Village of Thiensville v. Fisk*, No. 2015AP576-FT, unpublished slip op. (WI App. Aug. 26, 2015). *Fisk* is an unpublished case from this court, in which it was determined that there is no mandatory method of delivery set forth in WIS. STAT. § 800.14(1). *Fisk*, No. 2015AP576-FT, ¶3. Munzinger further asserted that his counsel saw the ACA at municipal court on May 4, 2018, and verbally informed him that Munzinger was appealing the judgment. The ACA acknowledged that discussion; however, he noted that he was at municipal court that day regarding a different matter, and, in

---

[3] There is no issue as to the timeliness of the appeal, nor is it disputed that Munzinger provided proper written notice to the Milwaukee Municipal Court.

any event, he was not provided any written notice of Munzinger's appeal on that day either.

¶7     After a hearing held in October 2018, the circuit court dismissed Munzinger's appeal.  This appeal follows.

## DISCUSSION

¶8     The issue in this appeal revolves around the interpretation of the notice provision for appeals of judgments of municipal courts, as set forth in WIS. STAT. § 800.14(1).   That notice provision states, in relevant part, that "[t]he appellant shall appeal by giving the municipal judge and other party written notice of appeal within 20 days after the judgment or decision."  *Id.*

¶9     Statutory interpretation is a question of law that we review *de novo*. *See* ***Fond Du Lac Cty. v. Town of Rosendale***, 149 Wis. 2d 326, 332, 440 N.W.2d 818 (Ct. App. 1989).   "The aim of statutory construction is to determine the legislature's intent."  *Id.*   "This intent is primarily deduced from the language which the legislature has chosen to use."  *Id.*   Put another way, "[w]e should not read into the statute language that the legislature did not put in."  ***Brauneis v. LIRC***, 2000 WI 69, ¶27, 236 Wis. 2d 27, 612 N.W.2d 635.

¶10     The City argues that the statutory notice provision was not met because Munzinger did not provide the City with the Notice of Appeal form completed by Munzinger and filed with the court.  Instead, Munzinger sent a letter via electronic mail to the ACA who had prosecuted the case, stating:

> As you know from our brief hearing on Friday, May 4, 2018, Mr. Munzinger has appealed the Judgment/Order in this case.  I acknowledge the parties have tried to resolve this matter on a number of occasions.  Now that it will be

> moved to Circuit Court, I am hopeful the same spirit to resolve this case follows.

Attached to this letter were receipts of payment for the appeal fee and the bond for the judgment. Those receipts referenced Munzinger's full name and address, the municipal court case number, and the OWI citation number.

¶11 Even though the letter stated that the matter was being appealed to the circuit court and included references to the specific case it was regarding, the City contends that this information was not sufficient to put the City on notice of the pending appeal. We disagree.

¶12 In the first place, WIS. STAT. § 800.14(1) does not require that a Notice of Appeal form be provided to the other party; it merely states that written notice is required to be provided. The City encourages us to apply the requirements for service to the City as set forth in WIS. STAT. § 801.11(4); however, those requirements are not included in § 800.14(1) either. We will not construe a statute to contain requirements that were not included by the legislature. *See **Brauneis***, 236 Wis. 2d 27, ¶27.

¶13 Our supreme court has recognized that "the law favors appeals from the lower courts[.]" ***Kremer v. Arians***, 141 Wis. 662, 665, 124 N.W. 1064 (1910). While we acknowledge the need for "strict and technical rules in appellate procedure," *see **id.***, stricter requirements for notice that the City seeks to impart into WIS. STAT. § 800.14(1) are simply not there. Rather, we must abide by our supreme court's interpretation of this notice provision: "any fair and intelligible description sufficient to enable the justice from his records, and the respondent

from his knowledge of the situation, to identify the judgment from which the appeal is intended, will suffice to confer jurisdiction."[4] *Kremer*, 141 Wis. at 665.

¶14    Based on the letter and receipts provided by Munzinger to the City regarding his appeal, together with the application of the requirements as set forth in the plain language of WIS. STAT. § 800.14(1), we conclude that the City should have been able "to ascertain what judgment was complained of[.]"  *See Kremer*, 141 Wis. at 666.  We therefore reject the City's argument and conclude that the trial court erred in dismissing Munzinger's appeal.

¶15    Accordingly, we reverse and remand this matter to the circuit court with directions to reinstate Munzinger's appeal.[5]

*By the Court.*—Order reversed and cause remanded with directions.

---

[4] "[W]e are bound by supreme court precedent, even if it is over a century old." *Walberg v. St. Francis Home, Inc.*, 2004 WI App 120, ¶7 n.4, 274 Wis. 2d 414, 683 N.W.2d 518.

[5] Nevertheless, we encourage Munzinger's counsel to become more familiar with appellate procedure in the future.  For example, we had to remind counsel of filing deadlines for the appellant's brief as well as the rules for filing extension motions with this court.  Additionally, the transcript of the hearing before the circuit court on the motion to dismiss was received by the parties *after* the record was transmitted to this court from the circuit court.  It was therefore the responsibility of the appellant—Munzinger, and more specifically, counsel acting on his behalf—to move this court to supplement the record to include that transcript; however, counsel did not do so.  Although counsel included the transcript in the appendix to the appellant's brief, since it is not in the record, we are unable to consider it.  *See Reznichek v. Grall*, 150 Wis. 2d 752, 754 n.1, 442 N.W.2d 545 (Ct. App. 1989) ("The appendix may not be used to supplement the record, and we accordingly limit our recitation of the facts to those supported by [documents] which are in the record.").

Counsel should be aware of the potential consequences of non-compliance with the rules of appellate procedure as set forth in WIS. STAT. RULE 809.83(2), which include the "imposition of a penalty or costs on a party *or counsel*," or dismissal of the appeal.  *See id.* (emphasis added).

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.